(No. 39570.—)

THE PEOPLE *ex rel.* John F. Bolton, Jr., Director of Insurance, Appellee, *vs.* FRANK CROSSLEY, Appellant.

*Opinion filed Dec. 1, 1966.—Rehearing denied Jan. 17, 1967.*

GETER & GETER, of Chicago, (BENJAMIN C. DUSTER, HOWARD D. GETER, SR., and HOWARD D. GETER, JR., of counsel,) for appellant.

RUSSELL J. TOPPER and LAWRENCE FRIEDMAN, both of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Director of Insurance, as liquidator of the Black-hawk Mutual Insurance Company, brought this action to recover an assessment levied against the defendant Frank Crossley, as a member or policy holder of Blackhawk. The complaint alleged the institution of liquidation proceedings under the statute, (Ill. Rev. Stat. 1955, chap. 73, pars. 799-833,) and the entry of an order in February of 1957 directing the Director of Insurance to take possession and liquidate the company. It also alleged the entry of an order in the liquidation proceeding, in February of 1963, author-

izing the Director to levy an assessment in the amount of one annual premium against those persons who were members or policyholders of Blackhawk during the twelve months ending February 27, 1957, and to take the necessary steps to enforce collection of the assessment. The complaint further alleged that during the period in question the defendant became a member of Blackhawk under specified policies. The complaint prayed for judgment in the sum of $209.40, the amount of the assessment against the defendant.

The answer of the defendant neither admitted nor denied the material allegations of the complaint. It attacked the constitutionality of the Insurance Code insofar as it authorizes mutual insurance companies to issue policies providing for contingent liability of the policyholder. These provisions were asserted to be invalid because they violate the equal protection and due process clauses of the fourteenth amendment to the Federal constitution, the due process clause of the constitution of Illinois, and section 22 of article IV of the constitution of Illinois which prohibits special legislation. The parties agreed that the case would be disposed of on a motion for judgment on the pleadings and that if the court found that the provisions of the statute were valid, and the answer of the defendant insufficient, judgment would be entered for the plaintiff. The court entered judgment against the defendant, who has appealed directly to this court.

On appeal the defendant argues only the constitutional issue, and does not contend that his answer was otherwise sufficient to bar a judgment for the plaintiff. Section 42 of the Insurance Code requires that the bylaws of a mutual insurance company "shall provide that each policyholder of the company shall be a member of the company and shall be entitled to one or more votes in person or by proxy, based upon the amount of insurance in force, the number of policies held or the amount of premium paid, as shall be

stated in such by-laws", and that the bylaws of a mutual company other than a life insurance company shall, except as provided in section 55, provide "for a contingent liability of each member in an amount not less than one nor more than ten times the specific premium or premium deposit stated in the policy." (Ill. Rev. Stat. 1955, chap. 73, par. 654.) Section 55 of the Code provides: "In cases where contingent liability of members is provided for, the provision therefor shall be plainly stated in each policy with prominence equal to the indemnifying clause. If a mutual company other than life shall have a surplus equal to the minimum capital and surplus required in section 13, for a stock company transacting the same kind or kinds of business, such company may issue policies without contingent liability." Ill. Rev. Stat. 1955, chap. 73, par. 667.

Under the Insurance Code a stock company is required to have a specified reserve before it may issue policies of insurance. A mutual company has the alternative of providing the same reserve, or of including in the policies which it issues an agreement for contingent liability on the part of the policyholder. The defendant's position is that these provisions unconstitutionally discriminate against those who hold policies in mutual insurance companies to the extent that they sanction a contingent liability against such policyholders.

The liability sought to be enforced is contractual. So far as the record indicates, the defendant voluntarily entered into a contract of insurance which provided for the contingent liability that is now asserted against him. The statute requires that the contingent liability be stated on the face of the policy "with prominence equal to the indemnifying clause." It is not disputed that the defendant's policies of insurance complied with this requirement. The statute provides that a mutual company may, if it sees fit, engage in business by complying with the identical reserve requirements which govern stock companies. The company in which

the defendant chose to become a member did not take advantage of this statutory alternative, but instead provided for contingent liability of its members. In these circumstances we do not see how the defendant may be said to have standing to attack the constitutionality of the statute.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*