114

LIONEL LINDHEIMER, JR. *et al.*, Plaintiffs-Appellants, *v.* JAMES BAYLOR, Director of Insurance, Defendant-Appellee.

(No. 55764;

First District—April 19, 1972.

*Rehearing denied May 17, 1972.*

Jack Joseph, of Chicago, (Joseph and Friedman, of counsel,) for appellants.

Lord, Bissell & Brook, of Chicago, (R. R. McMahan, of counsel,) for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County sustaining a motion to dismiss a class action for a declaratory judgment. Plaintiffs are creditors of Lake States Casualty Company and Multi-State Inter-Insurance Exchange, whose claims have been allowed or approved for allowance by the defendant Director. Both insurers are mutual and reciprocal companies with assessable policies which were in

liquidation prior to August 7, 1969, and plaintiffs bring the action for themselves and on behalf of all other creditors of insolvent mutual and reciprocal insurers with assessable policies in liquidation prior to August 7, 1969.

The issues on appeal are whether the Director acted properly in refusing to make assessments against policyholders of defendant companies, and whether the actions of the Director of Insurance as liquidator may only be challenged by action in the liquidation proceedings rather than by plenary suit.

The defendant, James Baylor, Director of Insurance of the State of Illinois, pursuant to the provisions of the Illinois Insurance Code, is acting as statutory liquidator of Multi-State Inter-Insurance Exchange, Lake States Casualty Company, and Bell Mutual Casualty Company, all of which are in liquidation proceedings in the Circuit Court of Cook County.

The policies of insurance issued by the insurers each contained a provision for an additional contingent liability of the policyholders, of which the Lake States clause is representative:

"Contingent Liability: The named insured agrees that his liability is for payment of the premium deposit specified in this policy plus a contingent several liability in an amount equivalent only to such premium deposit."

Section 207 of the Illinois Insurance Code (Ill. Rev. Stat., ch. 73, par. 819), in effect at the time of the issuance of the policies and in effect at the time of the initiation of the liquidation proceedings in the estates in question, provided in part that the Director may levy such assessments against policyholders "as may be necessary to pay all allowed claims in full."

Plaintiffs sought a declaration that the repeal of par. 207 did not deprive the Director of his authority to continue making assessments, and the defendant filed his motion to dismiss, which was sustained by the Circuit Court.

On August 7, 1969, Public Act 76—715 of the 76th General Assembly repealed par. 207 of the Illinois Insurance Code. The Director takes the position that the repeal of section 207 applies to insurance companies already in liquidation and on which assessments have already been made or ordered made, except as to cases where judgment had already been obtained. We do not agree. The repealing act, par. 819.1, reads:

"Upon the entry of an order of liquidation any provision in the policies of a company providing for a contingent liability of the policyholders shall become void."

■■ We construe this act to be prospective only. It would be manifestly

inequitable to allow the Director to assess and collect from some policyholders and not others of the same company in liquidation before the act was passed. Such would be the situation here if the Director's position is permitted. We think it is the Director's duty to treat everyone alike and the act cannot be construed as retroactive. The rights of the creditors under the statute at the time of liquidation must be protected and cannot be eliminated at a later date.

The defendant contends the liquidation court must retain jurisdiction and other courts must not interfere.

In Count I of the amended complaint, plaintiffs brought suit for themselves, setting forth their claims and allowance thereof, and on behalf of all other claimants and creditors of Multi-State Inter-Insurance Exchange and its estate in liquidation in Case No. 64 CH 5262. In Count II of the amended complaint, plaintiffs brought suit for one plaintiff, setting forth his claim and the allowance thereof, and on behalf of all other claimants and creditors of Lake States Casualty Company and its estate in liquidation in Case No. 65 CH 5381. In Count III of the amended complaint, plaintiffs alleged that the defendant was the liquidator of Bell Mutual Casualty Company as well as the above-mentioned companies and brought suit "for themselves and on behalf of all other claimants and creditors of all such mutual and reciprocal insurers in liquidation or rehabilitation having assessable policies."

Insurance company liquidations are governed by the provisions of Article XIII of the Illinois Insurance Code. ( Ill. Rev. Stat., ch. 73, par. 799 *et seq.*) Section 189 of the Illinois Insurance Code ( Ill. Rev. Stat., par. 801) invests liquidation courts with a broad and continuing jurisdiction to issue injunctive orders in protection of the liquidation proceeding, including such orders as may be deemed necessary to prevent interference with the proceedings. This is consistent with the case law concerning concurrent jurisdiction. In *Little v. Chicago National Life Ins. Co.* (1937), 289 Ill.App. 433, the court stated:

"* * * it is the settled rule that in all matters of receivership the court which first acquires jurisdiction of the subject matter and the parties, retains it until the final disposition of the cause, to the exclusion of all other courts of concurrent jurisdiction." [Cases cited]

The case of *Motlow v. Southern Holding & Securities Corp.*, (8th Cir. 1938), 95 F.2d 721, *cert.* den. 305 U.S. 609, is of interest because questions of New York insurance liquidation law were in issue and the Illinois Insurance Liquidation Act is patterned closely after that of New York. (*People v. Niehaus* (1934), 356 Ill. 104.) The New York liquidator moved to dismiss the complaint on the ground, *inter alia*, that the court had no jurisdiction because such questions were matters for the liquida-

tion court to decide. The court held the liquidation court retained jurisdiction:

> "*  *  *  [W]e think there is no more reason for making the administration of the estate of an insolvent insurance company by a statutory liquidator under proceedings commenced in the court of a state, subject to the jurisdiction of other courts, than for making the administration of such an estate in the hands of an equity receiver appointed by a court, subject to the jurisdiction of other courts. The reasons for non-interference are the same in either case. Experience has demonstrated that, in order to secure an economical, efficient, and orderly liquidation and distribution of the assets of an insolvent corporation for the benefit of all creditors and stockholders, it is essential that the title, custody, and control of the assets be intrusted to a single management under the supervision of one court. Hence other courts, except when called upon by the court of primary jurisdiction for assistance, are excluded from participation. This should be particularly true as to proceedings for the liquidation of insolvent insurance companies, for the reasons adverted to by Mr. Justice Cardozo in *Clark v. Williard,* 292 U.S. 112, 123."

■■■ Inasmuch as a creditor may intervene in a liquidation proceeding as a matter of right (*People ex rel. Baylor v. Bell Mutual Casualty Co. & Zelma Chatman* (1971), 2 Ill.App.3d 17, we hold that the plaintiffs herein have a cause of action and the Circuit Court was in error in sustaining the motion to dismiss the action on Counts I and II. The liquidation proceedings are pending in the Circuit Court of Cook County, and the instant case was brought in the Circuit Court of Cook County, therefore it is the same court and all that is required is to transfer the causes to the proper liquidation calendars within the court, and we so direct. The cause as to Multi-State and Lake States is remanded for proceedings as follows: the creditors of Multi-State should be heard in the liquidation proceedings established in Case No. 64 CH 5262 in the Circuit Court of Cook County, and the cause of action involving the creditors of Lake States should be heard in Case No. 65 CH 5381 in the Circuit Court of Cook County.

Plaintiffs' attempt to sue Bell Mutual Casualty Company in Count III on behalf of all claimants of all assessable mutual and reciprocal insurance companies undergoing statutory liquidation in Illinois cannot be maintained because they did not show a claim against Bell and the dismissal of Count III against Bell is affirmed.

For the reasons stated herein, the judgment of the Circuit Court as to Count I of the amended complaint pertaining to Multi-State Inter-Insurance Exchange and as to Count II of the amended complaint pertaining

to Lake States Casualty Company is reversed and remanded with directions. As to Count III of the amended complaint pertaining to Bell Mutual Casualty Company, the judgment is affirmed.

Reversed in part and remanded with directions and affirmed in part.

BURMAN and ADESKO, JJ., concur.