(Nos. 44935, 45237 cons.—

THE PEOPLE *ex rel.* JAMES BAYLOR, Director of Insurance, Appellant, v. BELL MUTUAL CASUALTY CO. *et al.*—(Zelma Chatman, Appellee.)—LIONEL LINDHEIMER, JR. *et al.*, Appellees, v. JAMES BAYLOR, Director of Insurance, Appellant.

*Opinion filed June 25, 1973.*

LORD, BISSELL & BROOK, of Chicago (R. R. McMAHAN, of counsel), for appellant.

BERYL A. BIRNDORF and MILES N. BEERMANN, both of Chicago, for appellee.

LORD, BISSELL & BROOK, of Chicago (R. R. McMAHAN, of counsel), for appellant.

JACK ·JOSEPH, of Chicago (JOSEPH and FRIED-MAN, of counsel), for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

These are appeals from the Appellate Court of Illinois, First District, involving liquidation proceedings pursuant to article XIII of the Illinois Insurance Code (Ill. Rev. Stat. 1965, ch. 73, pars. 799-833). They were consolidated for decision by order of this court.

In the Chatman case (44935) Bell Mutual Casualty Company was a domestic, assessable, mutual insurance company with membership of over 22,000 policyholders. As such, the bylaws of Bell Mutual were required to contain a provision necessary to provide for contingent liability of its policyholders in an amount equal to "not less than one nor more than ten times the specific premium or premium deposit stated in the policy." (See Ill. Rev. Stat. 1965, ch. 73, par. 654.) The provision relating to contingent liability, with limited exceptions, was to be clearly stated in each policy. Ill. Rev. Stat. 1965, ch. 73, par. 667; see also *People ex rel. Bolton v. Crossley, 36 Ill. 2d 298.*

Such liability was not merely predicated upon an order of liquidation, as here, but arose if the Director of Insurance determined that the assets of a mutual company were insufficient. The Director was then to instruct the company to assess its policyholders to alleviate the deficiency. If this was unsuccessful, the Director was authorized to proceed in accordance with article XIII of the Insurance Code. (Ill. Rev. Stat. 1965, ch. 73, par. 672.) We note that the Director under present law is still empowered to order that a company levy the appropriate assessment against its policyholders if their policies contain a provision for contingent liability. If such procedure fails to alleviate the company's financial deficiency then the Director is similarly authorized to institute action under article XIII. Ill. Rev. Stat., 1972 Supp., ch. 73, par. 672.

The Illinois Department of Insurance and the Director

of Insurance filed a complaint in the circuit court of Cook County on July 6, 1965, alleging that Bell Mutual was insolvent and operating contrary to law, and praying that the company be placed in liquidation pursuant to article XIII of the Insurance Code. On that date the court ordered the Director of Insurance to take possession of the property, business and affairs of the company. Bell Mutual filed an answer and the matter was referred to a master who found that Bell Mutual had a total insolvent condition as to policyholders (claimants) and creditors of some $938,000. The company was ordered into liquidation and the Director was appointed liquidator on September 9, 1965. Claimants and creditors of the company were notified of the liquidation proceedings, and dates were set for filing of claims.

On June 29, 1967, pursuant to section 207 of the Insurance Code (Ill. Rev. Stat. 1965, ch. 73, par. 819), the court ordered an assessment to be levied against those policyholders of Bell Mutual who were such during the twelve-month period preceding the date of the liquidation order. The liquidator thereafter reported to the court that the amount of assessment against each policyholder, which he deemed necessary, was an amount equal to one annual premium.

The court then confirmed the assessment and spread it of record on January 19, 1968. Notice pursuant to section 207(4) of the Insurance Code (Ill. Rev. Stat. 1967, ch. 73, par. 819(4)) was given to each policyholder within the time as provided by statute.

Petitioner, Zelma Chatman, an assessed policyholder, on March 15, 1968, filed a petition on behalf of herself and all policyholders similarly situated. According to her brief filed herein she sought to intervene for the purpose of asserting that the methods utilized by the Director of Insurance to spread the assessment under the order of January 19, 1968, which she asserts constituted a judgment order against the policyholders, were illegal, improp-

er and contrary to law. She further states that she did not seek to intervene for the purpose of asserting that the assessment was unnecessary, improper or excessive in total amount. The liquidator moved to strike and dismiss her petition, which motion was granted on June 11, 1969.

Zelma Chatman appealed from this order. While this appeal was pending in the appellate court, section 207 of the Insurance Code, which authorized the Director of Insurance, as liquidator, to levy and collect assessments, was repealed by the Illinois General Assembly on August 7, 1969. On that same date section 207.1 of the Insurance Code became effective, which provided as follows: "Upon the entry of an order of liquidation any provision in the policies of a company providing for a contingent liability of the policyholders shall become void." (Ill. Rev. Stat. 1969, ch. 73, par. 819.1.) Thereafter the Director terminated all efforts to collect and enforce all remaining uncollected assessments including that of Zelma Chatman.

The appellate court reversed and remanded the cause with directions to allow the petitioner to intervene in the liquidation proceedings. (*People ex rel. Baylor v. Bell Mutual Casualty Co.,* 2 Ill. App. 3d 17.) We granted leave to appeal.

In the Lindheimer case (45237), plaintiffs, on behalf of themselves and all other claimants and creditors of Multi-State Inter-Insurance Exchange, which had been ordered into liquidation prior to August 7, 1969, sought declaratory relief in an action at law in the circuit court of Cook County. Multi-State was governed by the provisions of article IV of the Insurance Code dealing with reciprocal companies as these related to contingent liability of its policyholders. (See Ill. Rev. Stat. 1965, ch. 73, pars. 687, 695.) These provisions were similar to those pertaining to mutual insurance companies.

Plaintiffs requested that the Director of Insurance, as liquidator for Multi-State, be ordered to resume the collection of assessments previously levied and spread of

record against Multi-State policyholders. Plaintiffs alleged that they were threatened with injury because the Director, by ceasing collections, would limit the size of the liquidation fund out of which their claims could be paid. They further contended that the repeal of section 207 and the enactment of section 207.1 of the Insurance Code was unconstitutionally interpreted by the Director as having retroactive application to insurance companies already in liquidation.

The complaint was supplemented when an additional plaintiff sought to represent all claimants and creditors of Lake States Casualty Company, a reciprocal insurer, which was ordered into liquidation prior to August 7, 1969. In Lake States it was alleged that the Director, as liquidator, had been authorized to levy an assessment against all policyholders of Lake States but that he had failed to so act for the same reasons as alleged in Multi-State. Plaintiffs in both the aforementioned matters further sought to represent all claimants and creditors of similar insurance companies, such as Bell Mutual, presently in liquidation.

The Director did not deny that he ceased collection or levy of assessments because of the repeal of section 207 and enactment of section 207.1, but he filed a motion to strike the complaints and dismiss the action alleging that plaintiffs were required to seek a hearing within their respective liquidation proceedings and that they were not proper class representatives. The trial court granted the Director's motion to dismiss.

Plaintiffs originally appealed to this court, and that appeal was transferred to the Appellate Court, First District. The appellate court reversed in part, affirmed in part and remanded with directions. (*Lindheimer v. Baylor,* *5 Ill. App. 3d 114.*) It ordered that the cause as to Multi-State and Lake States be remanded to the respective liquidation proceedings pending in the circuit court of Cook County. As to Bell Mutual, the judgment of the

circuit court was affirmed because no claimant of Bell Mutual was a party-plaintiff. We granted leave to appeal.

First, we consider whether the Director of Insurance properly interpreted and applied the repeal of section 207 and enactment of section 207.1 in the Lindheimer case. While the trial court did not specifically rule on that issue it was argued and decided in the appellate court. All the factual matters necessary for determination of the construction of said sections are presented in the record before us and the parties have argued and briefed this matter. We also find that this issue is of great public importance and we will therefore consider it. *Doran v. Cullerton, 51 Ill.2d 553, 558-559.*

Section 207 of the Insurance Code (Ill. Rev. Stat. 1965-1969, ch. 73, par. 819) authorized the Director, after being appointed liquidator in a liquidation proceeding, to assess policyholders "as may be necessary to pay all allowed claims in full." Each of the policies of insurance herein contained a provision for contingent liability of the policyholders of which the Lake States clause is representative: "Contingent Liability: the named insured agrees that his liability is for payment of the premium deposit specified in this policy plus a contingent several liability in an amount equivalent to only such premium deposit."

Each of the liquidation proceedings in the Lindheimer case had been initiated prior to the repeal of section 207 in August, 1969. Contemporaneous with the repeal of section 207 the General Assembly passed, and the Governor approved, section 207.1 of the Code, which specifically states that a contingent liability clause is void upon the entry of an order of liquidation. Evidently the Director interprets the action of the General Assembly to require a retroactive application of section 207.1. He suspended all efforts to collect and enforce outstanding assessments which had theretofore been spread of record in Multi-State, or to take the necessary action to levy an assessment

in Lake States. He did not take the position that assessments previously collected need be returned.

We need not express an opinion as to the constitutionality of section 207.1, for we hold that this provision is inapplicable to these causes. "Retroactive legislation is not favored, and as a general rule statutes are construed to operate prospectively unless the legislative intent that they be given retroactive operation clearly appears from the express language of the acts, or by necessary or unavoidable implication." (*United States Steel Credit Union v. Knight, 32 Ill.2d 138, 142;* see also *Stigler v. City of Chicago, 48 Ill.2d 20, 24.*) We do not find such intent either expressly or impliedly contained in section 207.1.

We find, however, that the General Assembly has manifested a prospective application only, because section 194 of the Insurance Code (Ill. Rev. Stat. 1969, ch. 73, par. 806) provides in part: "The rights and liabilities of the company and of its creditors, policyholders, stockholders or members and all other persons interested in its assets except persons entitled to file contingent claims, shall be fixed as of the date of the entry of the Order directing liquidation or rehabilitation unless otherwise provided by Order of the Court. ***"

It is clear that the rights and duties of all parties were intended to be fixed as of the date of the orders directing liquidation, and all statutes effective at that time, including section 207, would govern these proceedings. Therefore, the Director of Insurance would be required by law to enforce the provisions of section 207. While it is unnecessary to reach the constitutional issues propounded, we note the rationale of the appellate court in Lindheimer, which observed, "It would be manifestly inequitable to allow the Director to assess and collect from some policyholders and not others of the same company in liquidation before the act was passed. *** We think it is the Director's duty to treat everyone alike ***." 5 Ill. App. 3d at 115-16.

The second issue is whether the creditors and assessed policyholders have a right to intervene in their respective liquidation proceedings. Section 190 of the Insurance Code (Ill. Rev. Stat. 1965, ch. 73, par. 802) provides in part: "(4) The pleadings and proceedings insofar as not otherwise regulated by this article, shall be as in other civil proceedings." We find no provision in article XIII of the Insurance Code in relation to the intervention by creditors and policyholders, and therefore section 26.1(1) of the Civil Practice Act (Ill. Rev. Stat. 1965, ch. 110, par. 26.1(1)) is applicable. It provides:

> "Upon timely application anyone shall be permitted as a right to intervene in an action: (a) when a statute confers an unconditional right to intervene; or (b) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by a judgment, decree or order in the action; or (c) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or an officer thereof."

The creditors and the assessed policyholders may be so situated "as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or an officer thereof." We find that the interest of the creditors and assessed policyholders is diverse and the representation by the Director of Insurance of both "may be inadequate and the applicant will or may be bound by a judgment, decree or order in the action." Therefore the creditors and the policyholders who are subject to assessment may, as a matter of right, intervene in the liquidation proceeding to the extent their interests are affected.

The remaining issue is whether the parties herein may maintain an action, independent of the liquidation proceeding, contesting the conduct of the Director of Insurance as liquidator. The appellate court in the Lindheimer case held that the plaintiffs were required to bring the

issue in the liquidation proceedings. Insurance company liquidations are governed by the provisions of article XIII of the Illinois Insurance Code (Ill. Rev. Stat. 1965, ch. 73, par. 799 *et seq.*). Section 189 of the Illinois Insurance Code (Ill. Rev. Stat. 1965, ch. 73, par. 801) invested liquidation courts with a broad and continuing jurisdiction to issue injunctive orders in protection of the liquidation proceeding, including such orders as may be deemed necessary to prevent interference with the proceedings. This is consistent with the case law concerning concurrent jurisdiction. In *Little v. Chicago National Life Ins. Co., 289 Ill. App. 433,* the court stated at page 437: "[I]t is the settled rule that in all matters of receivership the court which first acquires jurisdiction of the subject matter and the parties, retains it until the final disposition of the cause, to the exclusion of all other courts of concurrent jurisdiction." We therefore hold that the proper forum for the plaintiffs in Lindheimer is in their respective liquidation proceedings presently pending in the circuit court of Cook County.

Accordingly, the judgments of the appellate court are affirmed.

*Judgments affirmed.*