ECONOMY FIRE AND CASUALTY COMPANY, Plaintiff-Appellee, v. PATRICIA M. GREEN *et al.*, Defendants-Appellants (Thomas F. Green *et al.*, Defendants).—BADGER MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. PATRICIA M. GREEN *et al.*, Defendants-Appellants (Thomas F. Green, a Minor, by his Mother and Next Friend, Patricia M. Green, *et al.*, Defendants).

First District (3rd Division)   Nos. 84—1988, 84—3080 cons.

Opinion filed December 11, 1985.

Reed & Scoby, Ltd., of Chicago, for appellant Patricia M. Green.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Anthony J. Alholm, Stephen R. Swofford, and Peter A. Monohan, of counsel), for appellants William A. Difani and Kenneth Streiler.

Jacobs, Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, Patrick F. Klunder, and Lloyd E. Williams, Jr., of counsel), for appellee Economy Fire & Casualty Company.

Diver, Bollman, Grach & Quade, of Waukegan (Robert M. Bollman and David R. Quade, of counsel), for appellee Badger Mutual Insurance Company.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

On December 19, 1979, a truck struck seven-year-old Thomas Green (Thomas) as he crossed a street in Wheaton. Patricia Green (Green), as mother and next friend of Thomas, filed suit against William DiFani, Kenneth Streiler and Harold Lankford to recover damages for personal injuries sustained by Thomas. In the amended complaint Green alleged that the defendants carelessly and negligently operated the truck and thereby caused Thomas' injuries. Defendants DiFani and Streiler filed a counterclaim for contribution against Green, alleging that at the time and place of the accident, she was operating a motor vehicle and supervising her son Thomas. They alleged further that she was guilty of negligent acts, including discharging Thomas from her vehicle in an unsafe place and failing to supervise Thomas properly.

Green tendered the defense of this contribution counterclaim to Economy Fire and Casualty Company (Economy), her automobile liability insurer, and to Badger Mutual Insurance Company (Badger), which insured her under a homeowner's policy. Both companies retained lawyers to enter appearances in defense of the contribution claim; they then filed declaratory judgment actions seeking declarations that there was no coverage of the contribution claim. The actions were consolidated, and both Badger and Economy obtained summary judgments from which Green and the two contribution plaintiffs, DiFani and Streiler, appeal.

THE APPEAL FROM SUMMARY JUDGMENT IN FAVOR OF ECONOMY

Economy's policy insured Green against liability for bodily injury and property damage arising out of the use or ownership of an auto-

mobile. Added to the policy is a clause which reads:

"Illinois Exception:—It is agreed that under Part I Coverage A—BODILY INJURY LIABILITY:

There is no coverage for any BODILY INJURY to any member of the family of the INSURED residing in the same household as the insured. The term 'insured' as used here means the person against whom claim is made or suit is brought."

Appellants do not contest that the effect of this clause would be to eliminate any coverage for the contribution claim filed against Green for her child's injuries. Rather, they contend that the provisions of section 143.01 of the Illinois Insurance Code (Ill. Rev. Stat., 1984 Supp., ch. 73, par. 755.01), which became law July 11, 1984, after the date of the accident and after the filing of this suit, nullify the above exclusion. It provides:

"(a) A provision in a policy of vehicle insurance *** excluding coverage for bodily injury to members of the family of the insured shall not be applicable when a third party acquires a right of contribution against a member of the injured person's family."

The trial court held that the amendment does not apply to insurance policies issued prior to July 11, 1984. We agree.

■ As a general rule of statutory construction, new statutes and amendments to statutes are given only prospective application, absent express language imposing retroactive application. *People ex rel. Baylor v. Bell Mutual Casualty Co.* (1973), 54 Ill. 2d 433, 298 N.E.2d 167; *Swanberg v. Mutual Benefit Life Insurance Co.* (1979), 79 Ill. App. 3d 81, 398 N.E.2d 299.

■ A reading of the amendment in question reveals that subsection (a), which nullifies the family exclusion with respect to contribution claims, does not provide that it shall be applied retroactively. Moreover, at the time Green's policy was issued, there was no statute prohibiting the family exclusion provisions in insurance policies, and such exclusions in recent years have been consistently upheld as valid. (See *Allstate Insurance Co. v. Odeh* (1984), 126 Ill. App. 3d 85, 466 N.E.2d 1269; *State Farm Mutual Automobile Insurance Co. v. Suarez* (1982), 104 Ill. App. 3d 556, 432 N.E.2d 1204.) Under these circumstances, the retroactive application of section 143.01 to the insurance contract would create a new financial obligation on the part of Economy expressly not agreed to, thus impairing its vested contractual right to exclude coverage for family members. (*Weisberg v. Royal Insurance Co.* (1984), 124 Ill. App. 3d 864, 464 N.E.2d

1170.) To avoid this constitutional infirmity we construe section 143.01 as applying only to policies issued on or after its effective date. (*Laffoon v. Bell & Zoller Coal Co.* (1976), 65 Ill. 2d 437, 359 N.E.2d 125.) Therefore, we hold section 143.01 does not operate to nullify Economy's family exclusion provision, leaving it available to Economy as a basis for denying coverage of Green's contribution counterclaim.

Next we address the contention raised by appellants that Economy, by its conduct, has waived its right to deny coverage on the basis of this exclusion. DiFani's and Streiler's complaint for contribution alleged the following against Green:

"5. ***

    a. Discharged a passenger, namely THOMAS F. GREEN, at an unsafe place on the roadway;

    b. Failed to properly supervise a minor child, namely, THOMAS F. GREEN;

    c. Allowed or invited a minor child to cross the roadway at a place other than a marked crosswalk;

    d. Discharged a passenger, namely, THOMAS F. GREEN, in an improper manner on the roadway.

    e. Was otherwise careless or negligent."

Green tendered the defense of this claim to Economy and on January 31, 1983, Economy answered Green by letter, stating that it would provide her a defense as to the allegations in subparagraphs 5a, d and e, but that it would not defend allegations 5b and c. On February 16, 1983, the attorneys retained by Economy to defend Green entered an appearance. On October 20, 1983, approximately nine months after sending its letter, Economy filed a complaint for declaratory judgment. On the basis of these facts, appellants charge that Economy waived its noncoverage position and is estopped from denying coverage on allegations 5a, d and e, because it undertook Green's defense without reserving its right to later deny coverage.

■ Waiver arises from an affirmative act. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 475 N.E.2d 872.) It is a consensual act consisting of the intentional relinquishment of a known right. (16B Appleman, Insurance Law & Practice sec. 9081 (1981).) A waiver may be expressed or implied, arising from acts, words, conduct or knowledge of the insurer. Prejudicial reliance by the insured is not required. (*Ames v. Crown Life Insurance Co.* (1980), 85 Ill. App. 3d 203, 204, 406 N.E.2d 222.) In the instant case, there are no facts establishing an express or implied waiver on the part of Economy.

We now turn to the issue of estoppel. An insurer may be estopped from asserting a defense of noncoverage when it undertakes the defense of an action and that undertaking results in some prejudice to the insured. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 195, 355 N.E.2d 24.) In the case at bar, neither appellant has alleged any facts to establish that Green suffered prejudice or detriment as a result of Economy's conduct. Moreover, appellants' argument that an estoppel may be predicated on the mere fact that Green was "led to believe" that Economy would defend all auto-related litigation is contrary to the laws of this State. (See *Old Mutual Casualty Co. v. Clark* (1977), 53 Ill. App. 3d 274, 368 N.E.2d 702.) Accordingly, we hold that Economy is not estopped from asserting its position of noncoverage, and we affirm the summary judgment in favor of Economy.

### THE APPEAL FROM SUMMARY JUDGMENT IN FAVOR OF BADGER

The trial court found that the homeowner's insurance policy issued by Badger to Green did not afford coverage for the purpose of defending the action for contribution arising out of the injury to Thomas.

Badger insured Patricia Green under a policy which provides:

"Coverage E - Personal Liability

This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient.

### EXCLUSIONS

This policy does not apply:

1. \*\*\*

a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:

(1) any aircraft; or

(2) any motor vehicle owned or operated by, or rented or loaned to any Insured, \*\*\*.

* * *

e. to bodily injury or property damage arising out of any premises, other than an insured premises, owned, rented or controlled by any Insured ***."

Badger moved for summary judgment on the ground that exclusions 1a(2) and 1e applied to the contribution claim being asserted against Green by DiFani and Streiler; Green moved for summary judgment on the ground that neither exclusion applied. The trial court granted summary judgment in favor of Badger, concluding that inasmuch as it was uncontroverted that Thomas was not on insured premises at the time of his injury, the paragraph 1e other premises exclusion applied and therefore the Badger policy did not afford coverage. The court ruled adverse to Badger on its motor vehicle exclusion 1a(2), finding that there was a question of fact as to whether Thomas' injuries arose out of the operation of a motor vehicle. Badger does not appeal the court's judgment on that issue. Therefore, the motor vehicle exclusion issue is not before this court. The sole issue with regard to Badger concerns the applicability of the other premises exclusion, paragraph 1e of the insurance policy.

Appellants argue that Badger's policy provides Green with broad personal liability coverage everywhere, and that her coverage is not limited to the insured premises. Appellants base their claim on the following portion of Badger's policy:

"Coverage E - Personal Liability

This Company agrees to pay *** all sums which [Patricia Green] shall become legally obligated to pay because of bodily injury or property damage, to which this insurance applies, *caused by an occurrence.*" (Emphasis added.)

They maintain that the unconditional phrase "caused by an occurrence" indicates that Badger agrees to cover Green's personal liability, everywhere, on or off her insured premises. Conversely, Badger grounds its position of noncoverage on exclusion 1e, its other premises exclusion.

■ In *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 387 N.E.2d 700, this court reviewed a homeowner's policy containing provisions similar to those involved here. This court reasoned:

"(A) homeowner's liability policy, in the absence of an express provision to the contrary, is not a policy providing limited coverage only applicable on the designated premises; rather it is designed to be a broad type of coverage protecting the insured nearly everywhere. Where, as here, the homeowner's

policy 'agreed to pay \*\*\* all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, *caused by an occurrence*' and contains no other provision describing what coverage is provided, the insurer is liable for any accident for which the insured may be legally liable unless coverage is expressly excluded." (Emphasis added.) (69 Ill. App. 3d 777, 785-86, 387 N.E.2d 700.)

In *Reis*, Phillips, an employee of Harmony Machine Resources, left work intoxicated and was involved in an automobile accident which killed another motorist. The deceased's administrator sued Harmony and Mary Reis, an officer and employee of Harmony, for negligently offering Phillips medication and allowing him to leave work in that condition. Aetna, Reis' homeowner insurer, filed a declaratory action for a determination that it owed Reis no coverage. One of the exclusions raised was an "exclusion of liability coverage and medical payments coverage, where the bodily injury arose out of any premises other than an insured premises." (69 Ill. App. 3d 777, 788, 387 N.E.2d 700.) Aetna contended, as does Badger, that its other premises exclusion limited coverage to the insured's apartment. There, we held that the policy provided coverage for the insured's personal liability "on the insured premises or elsewhere," and that such an exclusion "only applies to injuries arising out of the premises themselves, presumably such accidents as falling glass." (69 Ill. App. 3d 777, 788, 387 N.E.2d 700.) Since the injury in *Reis* did not arise out of any defects in any premises owned, rented or controlled by Reis, we concluded that the exclusion was "clearly inapplicable," (69 Ill. App. 3d 777, 788, 387 N.E.2d 700), thus leaving Reis with personal liability coverage on or off the insured premises. (See also *Economy Fire & Casualty Co. v. Second National Bank* (1980), 91 Ill. App. 3d 406, 414 N.E.2d 765.) Accordingly, we hold here that since Thomas' injuries did not arise out of any defects of premises owned, rented or controlled by Green, Badger's other premises exclusion is inapplicable and does not operate to preclude coverage of Green's personal liability away from the insured premises. *Cf. State Farm Fire & Casualty Co. v. Stinnett* (1979), 71 Ill. App. 3d 217, 389 N.E.2d 668.

We add that the plain language of exclusion 1e limits Badger's premises liability coverage to the insured premises. If Badger had also wanted to limit personal liability coverage to occurrences on the insured premises, it should have included the provision in the policy. The language cannot now be read into the policy. (See *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 788, 387 N.E.2d

700.) Accordingly, we reverse the summary judgment in favor of Badger.

For the reasons stated above, we affirm the summary judgment in favor of Economy and reverse the summary judgment declaring that the insurance policy of Badger did not afford coverage.

Affirmed as to Economy, reversed and remanded as to Badger.

McGILLICUDDY and RIZZI, JJ., concur.