ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee, v. BOSTON WHALER, INC., Defendant-Appellant.

First District (4th Division)   No. 86—1447

Opinion filed June 30, 1987.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin, C. Roy Peterson, and Sharon Finegan Patterson, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and James A. Shapiro, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, the Allstate Insurance Company, issued to its insured, Robert Chrzanowski, two insurance policies containing household exclusion provisions. Defendant, Boston Whaler, Inc., brought a contribution action in the circuit court of Cook County against Chrzanowski. Plaintiff subsequently brought this declaratory judgment action against defendant, seeking a declaration that the household exclusion provisions excluded coverage to Chrzanowski. The trial court granted plaintiff's motion for judgment on the pleadings. Defendant appeals, contending that (1) section 143.01(a) of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755.01(a)) applies retroactively to the contribution action, and (2) the policies themselves provide that section 143.01(a) of the Insurance Code applies retroactively to the action.

We affirm.

The record shows that during August 1981, Brian Chrzanowski, Robert's son, suffered injuries while a passenger on his father's boat. In March 1982, Brian brought a personal injury action against defendant, who manufactured the boat, and others. Brian alleged that a defective steering mechanism caused the boat to go out of control, resulting in his injuries.

In November 1984, defendant brought an action against Robert Chrzanowski for contribution. Defendant alleged that Chrzanowski was a mechanic, that he caused the failure of the boat's steering mechanism by improperly altering it and that, therefore, he was liable to defendant for contribution commensurate with his degree of fault. Plaintiff, Robert Chrzanowski's insurer, subsequently brought this declaratory judgment action.

On the date of the accident, Chrzanowski owned two insurance policies that plaintiff issued. Plaintiff's "Recreational Package Policy" insured Chrzanowski against liability for bodily injury and property damage arising out of the use or ownership of his boat. Included in the policy was a clause providing that plaintiff did not cover "bodily injury to any person related to an insured by blood, marriage or adoption and residing in that insured's household."

Plaintiff's "Deluxe Homeowner's Policy" insured Chrzanowski against liability for bodily injury and property damage arising out of activities that the policy covered. Likewise included in this policy was a clause providing that plaintiff did not "cover bodily injury to any insured person," which the policy defined as the insured and any relative or dependent in the insured's care and residing in his or her household. Both policies also provided that when they conflicted "with the statutes in your [the insured's] state, the provisions are amended to conform to

those statutes."

In the trial court, plaintiff argued that it did not cover Chrzanowski in defendant's contribution action, relying on the household exclusion clauses in the insurance policies. Plaintiff moved for judgment on the pleadings.

Defendant contended that section 143.01(a) of the Insurance Code applied retroactively to its contribution action. The General Assembly added section 143.01 to the Insurance Code, effective July 11, 1984 (1984 Ill. Laws 416), after plaintiff issued the policies to Chrzanowski. Section 143.01(a) provides that household exclusion clauses do not apply in contribution actions. (Ill. Rev. Stat. 1985, ch. 73, par. 755.01(a).) Defendant argued also that the State law conformity clauses in the policies amended the policies to conform with Insurance Code section 143.01(a), making the statute applicable to its contribution action. Defendant moved for summary judgment.

On May 8, 1986, the trial court found that section 143.01(a) of the Insurance Code applied prospectively only and not retroactively to defendant's contribution action, and also that the State law conformity clauses in the policies applied only to laws in effect when plaintiff issued the policies. The court ruled, therefore, that the household exclusion clauses in the policies applied to defendant's contribution action and that plaintiff had no duty to defend or indemnify Chrzanowski. Consequently, the trial court denied defendant summary judgment and granted plaintiff judgment on the pleadings. Defendant appeals.

■■■ A motion for judgment on the pleadings tests the sufficiency of the pleadings by determining whether the plaintiff is entitled to the relief sought by the complaint or, alternately, whether defendant, by the answer, has set up a defense which would entitle him to a hearing on the merits. The trial court must deny the motion if any material issue of fact exists. Further, the motion admits the truth of the opposite party's well-pleaded facts and the movant admits the untruth of his own controverted allegations. (*Hartless v. Dahm* (1981), 94 Ill. App. 3d 1, 3, 418 N.E.2d 44, 45-46.) In the instant case, both parties agreed on the material facts before the trial court and continue to do so. The only issue before the trial court was whether the pleadings entitled plaintiff or defendant to the relief that each sought. Judgment on the pleadings was, therefore, proper.

I

The trial court ruled that section 143.01(a) of the Insurance Code applied prospectively only and not retroactively to defendant's contribution action. Defendant contends that the trial court erred; we disagree.

■ The trial court relied on our recent decision in *Economy Fire & Casualty Co. v. Green* (1985), 139 Ill. App. 3d 147, 487 N.E.2d 100. We addressed this exact issue in that case, holding that section 143.01(a) applied to insurance policies prospectively only and not to policies issued prior to July 11, 1984. We based that holding on the fact that section 143.01(a) does not provide that it applies retroactively. We further reasoned that a retroactive application of the subsection to that insurance policy would create a new financial obligation for the insurer that was not part of the original agreement and would impair the insurer's vested contractual right to exclude coverage for family members. (139 Ill. App. 3d 147, 149-50, 487 N.E.2d 100, 109.) We agree with the trial court that the holding and reasoning of our decision in *Economy Fire & Casualty Co.* are controlling.

## II

■ ■ Defendant next contends that the policies themselves provide that section 143.01(a) of the Insurance Code applies to its contribution action. Defendant argues that the State law conformity clauses in the policies automatically applied subsection (a) to the policies when the statute became effective. We disagree.

A court will resolve any ambiguity or uncertainty in an insurance policy against the insurer; however, this does not alter the principle that insurance policies are contracts and the general rules of construction that apply to other contracts also apply to insurance policies. Whether an ambiguity exists is a question of law for the court to determine. Where the language of the policy is clear and unambiguous, the court must take it in its plain, ordinary and popular sense, and the court must determine the intent of the parties solely from the language used. Accordingly, we must examine the entire policy in the present case and interpret its pertinent parts in light of the whole document to determine whether there exists any ambiguity or uncertainty in the language at issue. *Ohio Casualty Insurance Co. v. Tyler* (1980), 85 Ill. App. 3d 410, 412, 407 N.E.2d 77, 79.

■ Defendant contends that the trial court's finding that the State law conformity clauses applied only to laws in effect when plaintiff issued the policies reduced the clauses to mere surplusage. Defendant argues that since courts treat statutes existing when a policy issued as part of the policy, and since the conformity clauses provided likewise, the trial court's interpretation of the clauses made them meaningless.

We find no ambiguity or uncertainty of the language of the policies. We agree with plaintiff that the clauses did not automatically conform the policies to newly enacted laws. Rather, the clauses conformed the

policies to the laws of Illinois. Courts presume that parties contract in light of existing law. (*Weisberg v. Royal Insurance Co. of America* (1984), 124 Ill. App. 3d 864, 868-69, 464 N.E.2d 1170, 1173.) Conformity clauses such as these inform the parties of the applicability of a particular State's laws without filling the policy with detailed recitations of statutes and case law. Both parties thereby know the extent of their rights and obligations under the policy at the time it issues.

The trial court's construction of the State law conformity clauses does not reduce them to surplusage. The clause conforms a standard policy to then-existing statutes in each State of plaintiff's insureds. The well-known rule that all ambiguities in an insurance policy will be construed most strongly against the insurer, as the party that drafted the policy, applies only where an ambiguity in fact exists and a court may not distort the contract to create the ambiguity itself. *Nationwide Insurance Co. v. Ervin* (1967), 87 Ill. App. 2d 432, 231 N.E.2d 112, 114, cited in *Coronet Insurance Co. v. Ferrill* (1985), 134 Ill. App. 3d 483, 485, 481 N.E.2d 43, 45.

We hold that the trial court correctly found that section 143.01(a) of the Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755.01(a)) applied prospectively only and not retroactively to defendant's contribution action, and also that the State law conformity clauses in the policies applied only to laws in effect when plaintiff issued the policies. The trial court correctly ruled, therefore, that the household exclusion clauses in the policies applied to defendant's contribution action and that plaintiff had no duty to defend or indemnify Chrzanowski. Consequently, the trial court correctly denied defendant summary judgment and granted plaintiff judgment on the pleadings.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McMORROW, P.J., and JIGANTI, J., concur.