PRUDENTIAL PROPERTY & CASUALTY COMPANY, Plaintiff-Appellee,
v. CATHERINE PIOTROWSKI *et al.*, Defendants-Appellants.

First District (1st Division)   No. 85—2423

Opinion filed November 17, 1986.

Thomas J. Lipscomb, of Chicago, for appellants Laura-Jean McTague and Thomas McTague.

Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago (James J. Hoffnagle and Frank C. Stevens, of counsel), for other appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (David H. Levitt, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

This appeal arises out of a declaratory judgment entered by the circuit court of Cook County in favor of plaintiff, Prudential Property & Casualty Company, stating that the automobile insurance policy issued by Prudential to defendant, Thomas McTague (the policy), does not provide coverage to defendant, Catherine Piotrowski, permissive driver of Thomas' automobile, for potential liability arising from injuries suffered by Laura-Jean McTague, Thomas' daughter, in a motor-vehicle accident on October 31, 1981. On appeal all defendants contend that: (1) the family exclusion provision of the policy (Endorsement 226) does not apply to the particular automobile involved in the accident; (2) Endorsement 226 does not apply to Catherine, an insured under the policy; and (3) section 143.01(b) of the Illinois Insurance Code (the Code) (Ill. Rev. Stat. 1985, ch. 73, par. 755.01(b)) prohibits application of Endorsement 226 to Catherine. In addition, defendants Laura-Jean and Thomas contend that section 143.01(b) of the Code establishes a public policy exception to the general application of family-exclusion provisions such as Endorsement 226.

The record sets forth the following facts relevant to this appeal. On October 31, 1981, Thomas gave permission to Catherine, a nonrelative, to drive his 1973 Volvo sedan with his daughter, Laura-Jean, as passenger. Laura-Jean resided in Thomas' household at the time; Catherine did not. While driving the Volvo, Catherine allegedly drove off the road and struck a tree, resulting in injuries to Laura-Jean. At

the time of the accident, Thomas was insured under the policy issued by Prudential and Catherine was insured under a policy issued by defendant, State Farm Mutual Automobile Insurance Company.

Subsequently, on January 10, 1983, Laura-Jean filed a negligence action (No. 83 L 0011) in McHenry County, seeking damages for the injuries incurred in the October 31 accident. Upon receiving notification of the McHenry cause of action, Prudential issued a reservation-of-rights letter to Catherine, which stated, *inter alia*, that, pursuant to Endorsement 226 of the policy, Prudential had no duty to indemnify her for the injuries alleged in Laura-Jean's complaint. Endorsement 226 states in pertinent part:

"We won't pay, under this part, for any injuries suffered by you or any relatives living in your household. Nor will we defend you in any suits arising from such injuries."

Thereafter, Prudential filed a complaint in the circuit court of Cook County for declaratory judgment, seeking a declaration that the policy did not provide coverage to Catherine for injuries suffered by Laura-Jean, a relative living in the named insured's household. Both Prudential and defendants filed cross-motions for summary judgment on the pleadings. On October 10, 1984, the trial court granted Prudential's motion and entered judgment in its favor, holding that Prudential was neither obligated to defend Catherine nor to pay any judgment entered against her in McHenry County case No. 83 L 0011.

On November 9, 1984, defendants moved for a rehearing or, in the alternative, for vacation or modification of the October 10, 1984, order. Defendants predicated their motion on section 143.01(b) of the Code, which provides:

"A provision in a policy of vehicle insurance excluding coverage for bodily injury to members of the family of the insured shall not be applicable when any person not in the household of the insured was driving the vehicle of the insured involved in the accident which is the subject of the claim or lawsuit.

This subsection (b) applies to any action filed on or after its effective date [of July 11, 1984]."

In their motion, defendants alleged that Laura-Jean had filed a motion for voluntary dismissal of case No. 83 L 0011 in McHenry County and that, as soon as the motion was granted, Laura-Jean intended to refile the negligence action in the same court, thereby falling within the time frame of section 143.01(b) of the Code. The Cook County court denied defendants' motions for a rehearing or, in the alternative, for vacation or modification, and their timely appeal followed.

■ Defendants first contend that Endorsement 226 of the policy

does not apply to Thomas' 1973 Volvo, the automobile involved in the accident. The record indicates that the policy issued to Thomas provided coverage for seven vehicles owned by him, including the 1973 Volvo. As issued, the policy package consisted of the policy, an endorsement booklet, and three continuation certificates. The endorsement booklet contains most of the endorsements Prudential offers so as to tailor the basic policy to the laws of the State and the needs of the particular insured. Continuation certificates are preprinted, standardized forms used to identify the named insured, describe the vehicles covered by the policy, itemize the coverage amounts, enumerate relevant endorsements, list vehicle operators other than the named insured, and state the amount of the premium. Each certificate provides only enough space to describe three vehicles. Thus, because Thomas' policy covered seven vehicles, his policy package included three continuation-certificate forms. The first certificate described a 1977 Dodge, 1977 Coachman, and 1973 Arstort; identified Thomas as the named insured; and indicated his address, the coverage period, policy number, the names of approved vehicle operators and their dates of birth, dollar amounts of coverage, total premiums, and eight endorsement numbers, including Endorsement 226. The second certificate listed, described, and stated the coverage provided for a 1976 Volvo wagon, a 1972 Volvo wagon, and a 1970 Volvo wagon; identified Thomas as the named insured; and listed one approved operator. However, it did not indicate the coverage period, the total premium, or any applicable endorsements. The third certificate listed, described, and stated the coverage provided for a 1973 Volvo sedan; and identified Thomas as the named insured. It did not indicate the coverage period, the total premium, any applicable endorsements, or any approved operators. The same policy number appeared in the upper right-hand corner of each certificate.

Defendants argue that each of the three certificates must be examined individually, rather than as a three-page unit. Examined in this manner, the information on each individual certificate would refer only to the specific vehicles described on that certificate. Thus, defendants contend that because Endorsement 226 appears only on the first certificate, it applies only to the three vehicles described therein and not to the 1973 Volvo, which is described on the third certificate. We disagree with defendants' interpretation.

If this court were to adopt defendants' argument and limit application of the information on each certificate to the vehicles described on that particular certificate, there would be no coverage period, premium amount due, contract number, office or agency designation with

respect to the vehicles described on the second and third certificates. In our view, there is no doubt that the three continuation certificates were intended to be read as a unit, with the coverage information common to all seven vehicles set forth on the first certificate. Accordingly, we conclude that Endorsement 226 was applicable to the 1973 Volvo.

■ Defendants next contend that Endorsement 226 does not preclude coverage for injuries to Laura-Jean because Laura-Jean is not a member of the household of Catherine, an insured under the policy. The parties concur that Catherine was given permission by Thomas to drive his 1973 Volvo on the day of the accident. Thus, pursuant to the terms of the policy, Catherine, as a permissive driver, is an insured. However, this conclusion does not mandate Catherine's exclusion from the scope of Endorsement 226. As previously stated, Endorsement 226 provides, in pertinent part:

> "We won't pay, under this part, for any injuries suffered by you or any relatives living in your household. Nor will we defend you in any suits arising from such injuries."

Defendants allege that Prudential indirectly admitted in its complaint that the word "you" as it appears in Endorsement 226 refers to any insured. Thus, defendants argue, because Catherine is an insured, the word "you" refers to her. Based on defendants' interpretation, Endorsement 226 would preclude coverage for injuries to Catherine or any relatives living in her household. However, it would not preclude coverage for injuries to Laura-Jean because Laura-Jean does not live in Catherine's household.

While seemingly logical on its face, defendants' argument fails because it is grounded on the faulty premise that the word "you" in the policy refers to any insured. Specifically, defendants have overlooked the following policy provision which defines the word "you":

> "Throughout this policy, when we refer to 'you,' we mean you, the person shown as the named insured on the Declarations Page [or Continuation Certificate] of this policy, and your spouse, if he or she lives in your household."

The continuation certificates identify Thomas McTague as the named insured. Thus, pursuant to the above provision, the word "you" refers only to Thomas and his wife, if she resides with him. Applying this definition, Endorsement 226 states that Prudential has limited its liability by refusing to pay for any injuries suffered by Thomas, his wife, or any relatives living in his household, and that Prudential will not defend Thomas or his wife in any lawsuits arising from those injuries. Contrary to defendants' argument, we do not find Endorsement 226,

when read in conjunction with the definitional terms of the policy, to be unclear and ambiguous. Accordingly, we affirm the trial court's decision that Prudential is not liable for any injuries suffered by Laura-Jean as a result of the October 31 accident.

■■ Having addressed Prudential's potential duty to indemnify Catherine, we now consider whether Prudential has a separate duty to defend Catherine in the lawsuit filed by Laura-Jean. It is well settled that an insurer's duty to defend an insured arises only if the allegations fall within the scope of the insurance policy. (*Zurich Insurance Co. v. Raymark Industries, Inc.* (1986), 144 Ill. App. 3d 943; *Chambers Gasket & Manufacturing Co. v. General Insurance Co. of America* (1975), 29 Ill. App. 3d 998, 331 N.E.2d 203; *Maretti v. Midland National Insurance Co.* (1963), 42 Ill. App. 2d 17, 190 N.E.2d 597.) Thus, we conclude that the absence of an obligation for Prudential to indemnify Catherine precludes any obligation to defend her in the lawsuit filed by Laura-Jean.

■■ Finally, defendants contend that section 143.01(b) of the Code, which, by its terms, applies to all lawsuits filed on or after July 11, 1984, prohibits application of Endorsement 226 to Catherine on the ground that the underlying lawsuit was voluntarily dismissed and then refiled in McHenry County on November 19, 1984.

It is well established that statutory provisions applicable to insurance policies which are in existence at the time the policy is issued are treated as part of the policy (*DC Electronics, Inc. v. Employers Modern Life Co.* (1980), 90 Ill. App. 3d 342, 413 N.E.2d 23.) Under the law as it existed on August 8, 1981, the effective date of the policy issued to Thomas as indicated on the continuation certificates, there was no statutory provision in existence which prohibited family-exclusion provisions such as Endorsement 226 in insurance policies. In fact, such exclusions have been consistently upheld as valid. (See *Allstate Insurance Co. v. Odeh* (1984), 126 Ill. App. 3d 85, 466 N.E.2d 1269; *State Farm Mutual Automobile Insurance Co. v. Suarez* (1982), 104 Ill. App. 3d 556, 432 N.E.2d 1204.) It is undisputed that the parties in the case at bar contracted in the light of existing law and that there was no provision in the policy to indicate that their agreement was subject to later changes in the law.

■■ ■ Moreover, in Illinois, retroactive application of a new statute is "defined in terms of the effect a law would have on vested contractual rights, not in terms of the time when a party happens to assert those rights." (*McAleer Buick-Pontiac Co. v. General Motors Corp.* (1981), 95 Ill. App. 3d 111, 113, 419 N.E.2d 608.) In this respect, a contract becomes "vested" when the contract is entered into.

*(McAleer Buick-Pontiac Co. v. General Motors Corp.* (1981), 95 Ill. App. 3d 111, 419 N.E.2d 608.) In the present case, the rights under the policy became vested on August 8, 1981, the date on which the policy period commenced. On that date, Prudential acquired the right under the policy not to be liable for injuries to any members of Thomas' family who resided with him, as well as the right not to be obligated to defend Thomas or his wife in such a suit. In our view, application of section 143.01(b) of the Code would create a new financial obligation for Prudential which was not part of the original agreement and would impair Prudential's vested contract right to exclude coverage for family members *(Economy Fire & Casualty Co. v. Green* (1985), 139 Ill. App. 3d 147, 487 N.E.2d 100.) Accordingly, we conclude that section 143.01(b) does not apply to the policy issued to Thomas in 1981. Our decision obviates the need to address the public policy issue raised by defendants Laura-Jean and Thomas.

For the aforementioned reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

BUCKLEY and O'CONNOR, JJ., concur.