(No. 64103.— )

NORMA BOYD, Appellant, v. MADISON MUTUAL IN-
SURANCE COMPANY et al., Appellees.

*Opinion filed April 16, 1987.*

GOLDENHERSH, J., took no part.

James H. Bandy, Ltd., and R. W. McGovern, Ltd., of Fairview Heights (Margaret A. Finan, of counsel), for appellant.

Dale L. Bode and Steven M. Waggoner, of Walker & Williams, of Belleville, for appellees.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Norma Boyd, filed a complaint for declaratory judgment on June 6, 1985, in the circuit court of St. Clair County against defendants, Madison Mutual Insurance Company (defendant), State Farm Insurance Company (State Farm), and Richard M. Muir (Muir). The complaint sought a declaration that amendatory section 143a—2(7) of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(7)) applies retroactively to govern defendant's obligations pursuant to the underinsured-motorist provision contained in plaintiff's policy. State Farm and Muir answered the complaint, admitting all allegations and asking that the relief sought be granted. Defendant filed a motion to dismiss the complaint with prejudice which was denied. Defendant then filed a second motion to dismiss, arguing that section 143a—2(7) does not apply retroactively and, therefore, does not govern the parties with respect to plaintiff's claim under her underinsured-motorist coverage. Alternatively, defendant sought certification of a question of law pursuant to Supreme Court Rule 308(a) (87 Ill. 2d R. 308(a)). The court denied defendant's second motion to dismiss but certified the following question to the appellate court: "whether the statute involved *** can be applied retroactively in a situation where the subject accident and date of issuance of the policy both occured [sic]

before the effective date of the statute, January 1, 1985."

A divided appellate court concluded that section 143a—2(7) does not apply retroactively, holding that the provision at issue "impose[d] an additional obligation on Madison Mutual to which it had not agreed, in derogation of its vested contractual rights and in violation of the constitutional prohibition against impairment of contracts." (146 Ill. App. 3d 420, 425.) We allowed plaintiff's petition for leave to appeal pursuant to Supreme Court Rule 315 (103 Ill. 2d R. 315) to consider the certified question.

The facts are not in dispute. Moreover, on an appeal concerning the grant or denial of a motion to dismiss, the reviewing court treats as true all well-pleaded facts. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426.

On February 23, 1984, plaintiff was a passenger in a vehicle driven by her husband. This vehicle was struck by another driven by Muir when Muir failed to observe a stop sign. Plaintiff sustained numerous injuries, including a fractured right arm and left leg. At the time of the accident, Muir's vehicle was insured for liability by State Farm. The applicable limit was $15,000. Also in full force and effect at the time of the accident was the policy issued to plaintiff by defendant which included underinsured-motorist coverage in the amount of $100,000 and a subrogation provision providing that the person to whom any payment is made under the policy shall do nothing to prejudice this right.

Plaintiff filed a complaint sounding in negligence against Muir on October 16, 1984, alleging personal injuries in excess of Muir's policy limit of $15,000. The record indicates that State Farm tendered the full limit of its liability of $15,000 contingent upon plaintiff's execution of a release in favor of both Muir and State Farm. Plaintiff wanted to accept this settlement but was

precluded from doing so when the defendant refused to waive its subrogation rights.

Plaintiff took no further action until January 20, 1985, when her attorney wrote to the defendant seeking payment in an amount equal to the settlement tendered by State Farm, citing as authority for the request amendatory section 143a—2(7) of the Illinois Insurance Code, enacted effective January 1, 1985 (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(7)). By letter dated February 6, 1985, defendant declined to advance the $15,000, pointing out that section 143a—2(7) was neither enacted nor effective on the date of the accident. Plaintiff's complaint for declaratory judgment followed.

The certified question calls for a determination of whether or not section 143a—2(7) applies retroactively, requiring the defendant to advance the $15,000 settlement offer made by State Farm. The statutory provision at issue provides:

> "No insurer shall exercise any right of subrogation under a policy providing additional uninsured motorist coverage against an underinsured motorist where the insurer has been provided with written notice in advance of a settlement between its insured and the underinsured motorist and the insurer fails to advance a payment to the insured, in an amount equal to the tentative settlement, within 30 days following receipt of such notice." Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(7).

Plaintiff contends that the foregoing provision should be applied retroactively because it is procedural in nature and effect. According to plaintiff, section 143a—2(7) merely specifies the steps to be followed by an injured insured seeking to settle with the tortfeasor and the tortfeasor's insurer while also seeking to recover under its own underinsured-motorist coverage. Plaintiff also maintains that the procedure set forth in section

143a—2(7) is remedial. Thus, the provision at issue cures the "no win" situation in which an injured insured may be precluded by its underinsured-motorist carrier from accepting a settlement offer on the ground that such acceptance would prejudice the carrier's subrogation rights while being unable to recover under its underinsured-motorist coverage until it either sues or settles with the tortfeasor. Further, plaintiff maintains that section 143a—2(7) does nothing to alter adversely defendant's obligations under the underinsured-motorist provision of its policy. She concludes therefore that section 143a—2(7) can be and should be applied retroactively.

Defendant responds by arguing that, even if section 143a—2(7) is procedural and remedial, it cannot be applied retroactively if to do so would affect adversely its vested contractual rights such as its right of subrogation. Defendant contends that section 143a—2(7) clearly alters both its rights and obligations under the policy by requiring it to advance a sum of money equal to any offer of settlement in order to preserve its contractual subrogation rights. Defendant argues that, if it does not advance an amount equal to a tentative settlement, it loses its contractual right of subrogation. If it wishes to preserve its vested contractual right of subrogation, it must make the advance. Accordingly, defendant argues that section 143a—2(7) imposes a new obligation in order to retain the benefit of an already established contractual right. Defendant then cites the rule that even a procedural or remedial statute cannot be applied retroactively if to do so would work a deprivation of a "vested, constitutionally protected right." (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 391, *cert. denied* (1981), 451 U.S. 921, 68 L. Ed. 2d 312, 101 S. Ct. 2000.) Relying on *Maiter*, defendant concludes that section 143a—2(7) cannot be applied retroactively because the provision deprives defendant of its absolute, vested

contractual right of subrogation by converting that right into a contingent right, with the contingency amounting to the imposition of a new duty.

It is well settled that there are constitutional constraints which govern the retroactive application of statutes which adversely affect already established contractual rights. As applied to the instant case, we believe that this rule operates to foreclose the retroactive application of section 143a—2(7).

We also believe that the language of section 143a—2(7) affects the rights and obligations of the defendant under plaintiff's underinsured-motorist coverage in two substantial ways not bargained for or anticipated by the defendant when it agreed to provide plaintiff with under-insured-motorist coverage. First, if section 143a—2(7) were to apply under the facts of the instant case, defendant's subrogation rights would be contingent upon payment to its insured of an amount equal to any settlement offer tendered by the underinsured motorist. Only if no settlement offer is forthcoming would defendant's right of subrogation remain as set out in plaintiff's policy. Second, the statutory requirement that an underinsured-motorist carrier match any settlement offer also constitutes a new obligation to which the defendant did not agree when it undertook to provide the plaintiff with underinsured-motorist coverage. Because existing, vested contractual rights and obligations are affected by section 143a—2(7), the constitutional prohibition against impairment of contracts requires that the instant statutory provision be applied prospectively.

Under these circumstances, only one result is possible. We hold that amendatory section 143a—2(7) does not apply retroactively. Consequently, defendant is not required to match State Farm's settlement offer to plaintiff of $15,000.

For the reasons stated herein, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.