PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff-Appellee and Counterdefendant-Appellee, v. MYRTLE E. SCOTT *et al.*, Defendants-Appellants and Counterplaintiffs-Appellants (Christina L. Scott *et al.*, Defendants; Country Mutual Insurance Company, Defendant-Intervenor and Counterplaintiff; Prudential Property and Casualty Insurance Company *et al.*, Counterdefendants).—PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff-Appellee and Counterdefendant, v. MYRTLE E. SCOTT *et al.*, Defendants (Country Mutual Insurance Company, Defendant and Intervenor and Appellant and Counterplaintiff; Myrtle E. Scott *et al.*, Counterplaintiffs; Prudential Property and Casualty Insurance Company *et al.*, Counterdefendants).

Fourth District   Nos. 4—87—0159, 4—87—0185 cons.

Opinion filed October 7, 1987.

Grady E. Holley, of Holley, Keith & Huntley, of Springfield, for appellants Myrtle E. Scott and Wayne Edward Scott.

Stuart Dobbs, of Stratton, Dobbs, Nardulli & Lestikow, of Springfield, for appellant Country Mutual Insurance Company.

John A. Ess and Gary S. Schwab, both of Heyl, Royster, Voelker & Allen, of Springfield, for appellee.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

This is an action for declaratory judgment, seeking a determination from the court of the respective rights of the insurer, the insured, and other interested parties in an automobile insurance policy as it relates to an automobile accident that occurred on April 8, 1983.

The insurer, Prudential, filed a motion for summary judgment which initially was denied by the court. The defendants, Myrtle Scott and Wayne Edward Scott, thereafter sought summary judgment on a major issue in the case, and Country Mutual Insurance Company sought a partial summary judgment. The subject of both motions for summary judgment was whether, given the facts existing at the time of the automobile accident, a "family exclusion" clause in the Prudential policy was applicable. Prudential then moved for reconsideration of its prior motion for summary judgment on the issue of the application of the family exclusion clause.

No evidence was heard and no trial was had. On an agreed statement of facts as set forth in the pleadings, and on the basis of written memoranda, the trial court granted Prudential's motion for reconsideration, and granted Prudential summary judgment against all defendants, holding that Prudential had no duty to defend Christina Scott and no duty to indemnify Christina Scott for any loss arising from personal injuries suffered by Myrtle Scott or Wayne Edward Scott in the automobile accident occurring on April 8, 1983. No question was presented as to the adequacy of the pleadings.

Defendants Myrtle and Wayne Edward Scott and Country Mutual Insurance Company filed notices of appeal from the trial court's order of February 9, 1987. The appeals of the Scotts and of Country Mutual have been consolidated.

At all times relevant to this litigation, defendant Myrtle E. Scott resided in Springfield, Illinois. On April 8, 1983, her son, Wayne Edward Scott, resided with her. Myrtle Scott was the owner of a 1980 Chevrolet automobile for which she had procured liability insurance for the period of January 1983 through July 1983. This liability automobile insurance was procured through Prudential Property and Casualty Insurance Company, the plaintiff in this case.

Myrtle Scott's granddaughter was Christina L. Scott, a defendant in this case. On April 8, 1983, and prior thereto, Christina L. Scott was residing with her mother in southern Illinois. Christina Scott was at all times relevant to the issues in this case a nonresident of the

household of Myrtle Scott and Wayne Edward Scott.

The mother and stepfather of Christina L. Scott, on and before April 8, 1983, were the owners of a motor vehicle for which they purchased automobile liability insurance coverage from Country Mutual Insurance Company. On April 8, 1983, Country Mutual Insurance Company had in effect a policy of automobile liability insurance which covered Christina Scott in the operation of nonowned vehicles. Country Mutual asserts that this policy would provide secondary or excess coverage over insurance coverage for any nonowned vehicle driven by Christina Scott which was involved in an accident.

On April 8, 1983, Christina Scott had come to Springfield, Illinois, to visit her grandmother, Myrtle Scott. Christina Scott was given permission by Myrtle Scott to operate Myrtle Scott's 1980 Chevrolet motor vehicle. With Myrtle Scott as a rear-seat passenger and Wayne Edward Scott as a front-seat passenger, Christina Scott, while operating the 1980 Chevrolet in Springfield, Illinois, was involved in a collision at or near the intersection of Jefferson and Walnut Streets in Springfield, Illinois, with a motor vehicle being operated by defendant Arthur Schroeder.

As a result of this automobile collision, Myrtle E. Scott received serious and permanent personal injuries. Wayne Edward Scott also received personal injuries as a result of the collision. Both Myrtle and Wayne Edward Scott filed suit in the circuit court of Sangamon County, claiming that their personal injuries were caused by the negligent operation of the motor vehicle on April 8, 1983, by Christina Scott and by the negligent operation of the motor vehicle by Arthur Schroeder. This personal injury action, seeking monetary damages from Christina Scott and Arthur Schroeder, was filed on March 15, 1985.

On July 19, 1985, after Myrtle and Wayne Edward Scott had filed their personal injury lawsuit against Christina Scott and Arthur Schroeder, Prudential filed this action for declaratory judgment in the circuit court of Sangamon County. The complaint for declaratory judgment sought a declaration from the court that Prudential owed no duty to defend Christina Scott in the personal injury lawsuit brought by Myrtle and Wayne Scott, and also sought a declaration that in the event of an adverse judgment against Christina Scott, Prudential would owe no duty to indemnify her. In addition to naming Myrtle, Wayne and Christina as defendants, Arthur Schroeder was added as a party defendant and Country Mutual Insurance Company, after being granted leave to intervene, was added as a party defendant. The basis upon which Prudential sought a declaration of noncoverage was the

existence of a family exclusion provision in the Prudential insurance policy which provides in part as follows:

"We won't pay, under this part, for any injuries suffered by you or any relatives living in your household. Nor will we defend you or any relatives living in your household in lawsuits brought against each other."

As a second basis for avoiding coverage, Prudential sought to raise a purported release signed by Myrtle Scott. It was asserted that this release excused any duty to defend Christina Scott and excused any duty to indemnify Christina Scott for any judgment entered in the personal injury action. Defendants Myrtle and Wayne Scott denied that the purported release was a basis for noncoverage, denied that any consideration was paid for the release, and filed a counterclaim for damages against Prudential for alleged fraudulent conduct in procuring the release itself. No issue is raised on appeal regarding the purported release.

Prudential sought summary judgment on the issue of the applicability of the family exclusion provision of the insurance policy as excluding coverage for Christina Scott as a matter of law. The motion for summary judgment was denied following argument. Myrtle and Wayne Scott then filed a motion for summary judgment on a major issue seeking summary judgment in their favor and against Prudential as a matter of law on the basis that under the facts of the accident, the family exclusion provision did not apply. Country Mutual Insurance Company filed a similar motion for partial summary judgment. On the basis of a recently issued appellate court opinion in *Prudential Property & Casualty Co. v. Piotrowski* (1986), 149 Ill. App. 3d 833, 501 N.E.2d 250, Prudential filed a motion for reconsideration. Following additional written memoranda and oral argument, the trial court issued its memorandum of opinion, finding that the policy in this case was the same policy that the court had dealt with in *Piotrowski*. Concluding that it was bound by the appellate court decision from the First District in *Piotrowski*, the trial court granted Prudential's motion for reconsideration, found that the family exclusion provision excluded coverage for Christina Scott for the accident which occurred on April 8, 1983, and granted summary judgment in favor of Prudential and against the defendants. The court then denied the cross-motions of the defendants for partial summary judgment and summary judgment on a major issue.

It is from the trial court's decision, holding as a matter of law that the family exclusion provision of the Prudential policy excludes coverage for Christina Scott for the accident in this case, that Myrtle

and Wayne Scott and Country Mutual bring this consolidated appeal.

The first issue raised on appeal is whether, under the undisputed facts existing on the date of the automobile accident on April 8, 1983, the "Family Exclusion" clause contained in Prudential's insurance policy issued to Myrtle Scott applies to exclude insurance coverage for injuries suffered by Myrtle Scott and Wayne Edward Scott. The exclusion which forms the basis of Prudential's claim of non-coverage is included in a rider for policies in the State of Illinois and reads as follows:

> "We won't pay, under this part, for any injuries suffered by you or any relatives living in your household. Nor will we defend you or any relatives living in your household in lawsuits brought against each other."

The Scotts argue that the word "you," as used in the foregoing provision, could be interpreted to mean the permissive driver of the vehicle. The basis for this argument is that part 3 of the policy dealing with liability coverage is entitled "[I]f you injure others or damage their property ***." The Scotts argue that since liability coverage is afforded to both the named insured as well as permissive drivers of the named insured, the word "you" as used in the title must refer to both the named insured as driver and the named insured's permissive driver. The First District Appellate Court in *Prudential Property & Casualty Co. v. Piotrowski* (1986), 149 Ill. App. 3d 833, 501 N.E.2d 250, responding to a similar argument, interpreted an identical family exclusion clause and concluded that the word "you" in the clause meant only the "named insured," relying on language contained in the introduction to the entire policy which reads as follows:

> " 'Throughout this policy, when we refer to "you," we mean you, the person shown as the named insured on the Declarations Page *** of this policy, and your spouse, if he or she lives in your household.' " 149 Ill. App. 3d 833, 837, 501 N.E.2d 250, 253.

Defendants criticize the reasoning in *Piotrowski*, and argue that the term "you," as used in the family exclusion provision, the title to part 3 of the policy, and the introductory definitional section of the policy, cannot be uniformly and consistently defined. The definitional section clearly defines the term "you" as the named insured. The title to part 3 uses the term "you" in a situation which defendants argue applies to the named insured as well as permissive drivers of the named insured's vehicle. Defendants argue that under these circumstances an ambiguity exists regarding the meaning of the term "you" as it is used in the family exclusion clause, and cite *Allstate Insurance*

*Co. v. Elkins* (1979), 77 Ill. 2d 384, 396 N.E.2d 528, and *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247, for the proposition that this alleged ambiguity should be resolved against the insurer which drafted the policy. Prudential responds to this argument by stating that the language relied upon by defendants which is contained in the title to part 3 of the policy merely identifies one situation where liability coverage is afforded (*i.e.*, to the named insured), and that the ellipses at the end of the title make it clear that the title is not a complete statement of the scope of the policy's coverage. Prudential contends that the title suggests to the named insured that there may be other persons, such as permissive drivers, who may also be afforded coverage. Based on this explanation of the meaning of the title to part 3 of the policy and in light of the definition of the term "you" in the introduction to the policy, Prudential argues that there is no ambiguity or inconsistency regarding the meaning of the term "you" as used in the policy.

We agree with Prudential's argument that the use of the word "you" in the title to part 3 of the policy merely identifies one situation where liability coverage is provided and that the ellipses at the end of the title indicate that the title is not a complete statement of the scope of the policy's coverage. The definition of the term "you" in the introduction to the policy makes it clear that the term "you," as used throughout the policy, refers only to the named insured, and possibly the named insured's spouse. Consequently, we conclude that in light of the clearly stated definition of the term "you" in the introduction to the policy in question, and our understanding of the title to part 3 of the policy, no ambiguity exists which should be construed against the insurer. (See *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 475 N.E.2d 872.) This determination is in accord with the decision of the First District Appellate Court in *Prudential Property & Casualty Co. v. Piotrowski* (1986), 149 Ill. App. 3d 833, 837-38, 501 N.E.2d 250, 253.

Defendants also argue that Prudential's interpretation of the word "you" in the family exclusion clause could lead to a result which is inconsistent with one of the purposes behind the clause. Defendants set forth a hypothetical situation for purposes of illustration wherein Christina Scott is a permissive driver of Myrtle Scott's automobile and her passenger is her mother, with whom she resides. Christina is then involved in an accident and her mother is injured. Since Christina's mother is not a resident of Myrtle's household, she is not barred from recovering under Myrtle's policy, despite the fact that she was injured while she was passenger in an automobile driven by a

relative living in her household. Defendants argue that this hypothetical situation is contrary to the purpose behind the family exclusion clause, *i.e.*, to exclude coverage for residents of the same household to avoid the possibility of collusion between those resident household members. However, as Prudential points out in its brief, the avoidance of collusive claims is not the only reason underlying family exclusion clauses. As the supreme court of Minnesota stated in *Minners v. State Farm Mutual Automobile Insurance Co.* (1969), 284 Minn. 343, 350, 170 N.W.2d 223, 227:

> "While our court and others have stressed the element of collusion as justification for the exclusion provisions, it may well be that premiums have been established in part by reference to potential exposure without regard to the element of collusion. In other words, it is entirely possible that the premium has been established at a reduced rate where those most likely to be passengers in the vehicle were not included in coverage. We, therefore, cannot categorically adopt the position that the only purpose of the exclusion is to prevent collusion since there may well be other factors which govern even in a contribution suit. Were we to hold otherwise, we would have to read out of the policy unequivocal language which is a part of the contract."

(See also *State Farm Mutual Automobile Insurance Co. v. Xaphes* (2d Cir. 1967), 384 F.2d 640.) We conclude that defendants' argument that the family exclusion clause in question will not prevent payment on possibly collusive claims in all instances is not sufficient reason to disregard and not apply the exclusion to the facts of the instant case.

■ The second issue raised in this appeal is whether the provisions of section 143.01(b) of the Illinois Insurance Code (Code) (Ill. Rev. Stat. 1985, ch. 73, par. 755.01(b)) act to bar the application of the "Family Exclusion" clause of the Prudential policy to the facts of this case.

Section 143.01(b) of the Code (Ill. Rev. Stat. 1985, ch. 73, par. 755.01(b)) provides, in pertinent part:

> "(b) A provision in a policy of vehicle insurance excluding coverage for bodily injury to members of the family of the insured shall not be applicable when any person not in the household of the insured was driving the vehicle of the insured involved in the accident which is the subject of the claim or lawsuit.
>
> This subsection (b) applies to any action filed on or after its effective date."

The effective date of the foregoing provision was July 11, 1984. The

Prudential policy in question was issued on January 20, 1983. The automobile accident out of which this case arose occurred on April 8, 1983. The personal injury action was filed on March 15, 1985.

As defendants point out, the legislature clearly intended that the aforementioned provision should be applied to cases filed on or after July 11, 1984, regardless of the date upon which policies of insurance were entered into. Prudential first argues that the statute does not expressly provide that it shall apply to policies issued before its effective date, and therefore, it cannot be given retroactive application. We fail to see any merit to this contention. Certainly, any suit filed on or near July 11, 1984, would have been based on a policy issued prior to that date. The plain language of the statute clearly shows the legislature's intent to have the statute apply retroactively. The important question regarding section 143.01(b) of the Code (Ill. Rev. Stat. 1985, ch. 73, par. 755.01(b)) is whether retroactive application of this provision to insurance policies issued prior to the effective date of the statute is constitutional. Prudential argues that retroactive application of the aforementioned provision would be a direct violation of article I, section 10, of the United States Constitution; and also article I, section 16, of the Constitution of the State of Illinois of 1970 (Ill. Const. 1970, art. I, sec. 16), which provides, in pertinent part:

"No ex post facto law, or law impairing the obligation of contracts *** shall be passed."

Prudential relies on *Economy Fire & Casualty Co. v. Green* (1985), 139 Ill. App. 3d 147, 487 N.E.2d 100, *Weisberg v. Royal Insurance Co. of America* (1984), 124 Ill. App. 3d 864, 464 N.E.2d 1170, and *Swanberg v. Mutual Benefit Life Insurance Co.* (1979), 79 Ill. App. 3d 81, 398 N.E.2d 299, three First District cases which refused to retroactively apply amendments to the Insurance Code to policies issued before the amendments' effective date. In *Economy Fire & Casualty Co. v. Green* (1985), 139 Ill. App. 3d 147, 149, 487 N.E.2d 100, 102, in considering subsection (a) of section 143.01 of the Code (Ill. Rev. Stat. 1985, ch. 73, par. 755.01(a)), the same Code section at issue in the present case, the court stated:

"Under these circumstances, the retroactive application of section 143.01 to the insurance contract would create a new financial obligation on the part of Economy expressly not agreed to, thus impairing its vested contractual right to exclude coverage for family members. [Citation.] To avoid this constitutional infirmity we construe section 143.01 as applying only to policies issued on or after its effective date."

We note the legislature did not expressly provide that subsection (a)

of the aforementioned Code section was to be applied retroactively, in contrast to the explicit statement that subsection (b) was to apply to all actions filed after the effective date of the statute. In *Swanberg*, the court noted that "even if it had intended a retroactive application of the amendment, the legislature [does] not have the power to achieve that end because of the constitutional limitation found in article I, section 16." (*Swanberg v. Mutual Benefit Life Insurance Co.* (1979), 79 Ill. App. 3d 81, 88, 398 N.E.2d 299, 304.) In *Weisberg*, the court ruled that section 143.01 of the Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755.01), which provides that limitations periods contained in insurance policies are tolled between the period during which the insured has made a claim and the day on which the insurer denies the claim, could be applied only to policies issued after its effective date, so as to avoid illegally impairing the obligation of contracts.

Furthermore, the Illinois Supreme Court, in *Boyd v. Madison Mutual Insurance Co.* (1987), 116 Ill. 2d 305, 507 N.E.2d 855, ruled that retroactive application of section 143a—2(7) of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(7)), which affected the contractual right of subrogation of an insurer, would impose an additional obligation on the insurance company to which it had not agreed, and moreover, interfere with its vested contractual rights in violation of the constitutional prohibition against impairment of contracts.

As the supreme court stated in *Boyd*:

"It is well settled that there are constitutional constraints which govern the retroactive application of statutes which adversely affect already established contractual rights. As applied to the instant case, we believe that this rule operates to foreclose the retroactive application of section 143a—2(7).

*** Because existing, vested contractual rights and obligations are affected by section 143a—2(7), the constitutional prohibition against impairment of contracts requires that the instant statutory provision be applied prospectively." 116 Ill. 2d 305, 310, 507 N.E.2d 855, 857.

Defendants contend that the Code provision in question "does not destroy or affect a 'vested right' as that term has been used in conjunction with the Constitution, it merely affects an expectation of the continuation of the law which is not subject to constitutional protection." However, it is well settled that a party's rights under a contract become "vested" for the purposes of the retroactive application of a statute when the contract is entered into rather than when the

rights thereunder are asserted. (*McAleer Buick-Pontiac Co. v. General Motors Corp., Pontiac Motor Division & Buick Motor Division* (1981), 95 Ill. App. 3d 111, 419 N.E.2d 608; *Weisberg v. Royal Insurance Co.* (1984), 124 Ill. App. 3d 864, 870, 464 N.E.2d 1170, 1174.) As Prudential points out, the Code provision in question affects its duty to pay and to defend. We believe that these rights are certainly substantive, and pursuant to *McAleer* and *Weisberg*, these rights vested at the time the contract was entered into. Consequently, we declare that retroactive application of section 143.01(b) of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755.01(b)) to policies which were not in effect at the time the statute was enacted is unconstitutional because it would improperly impair the obligation of contracts. Ill. Const. 1970, art. I, sec. 16; *Boyd v. Madison Mutual Insurance Co.* (1987), 116 Ill. 2d 305, 507 N.E.2d 855; *Prudential Property & Casualty Co. v. Piotrowski* (1986), 149 Ill. App. 3d 833, 501 N.E.2d 250.

■ The third issue raised in this appeal is whether the "Conformity Clause" in the Prudential policy operates to incorporate section 143.01(b) of the Code into the policy, even though such retroactive application would otherwise be unconstitutional. The Prudential policy in issue in this case contains a "conformity clause," which provides, in pertinent part:

"[B]ut the terms of this policy are automatically changed to conform to the statutes of the state in which you live."

Country Mutual points out that the right to challenge the constitutionality of a statute can be waived (16 C.J.S. *Constitutional Law* sec. 79, at 218-19 (1984)), and argues that the conformity clause operates as a waiver of Prudential's right to challenge the constitutionality of retroactive application of the statute in question. Prudential notes that the conformity clause is written in the present perfect tense, and argues that the clause should not be interpreted to mean that the parties agreed to change the terms of the policy so as to conform them to statutes which were not in existence either at the inception of or at any time during the policy period.

We agree with the interpretation of the conformity clause propounded by Prudential. We understand this clause to apply to new legislation which becomes effective during the policy period to bring the policy into conformity with existing law; however, we do not interpret this provision to apply to legislation which is enacted and which takes effect after the policy period has ended. Consequently, we conclude that the conformity clause in the policy in issue does not operate to incorporate section 143.01(b) of the Code (Ill. Rev. Stat.

1985, ch. 73, par. 755.01(b)) into the policy, which had already expired prior to the enactment of the statute in question, nor does it constitute a waiver of Prudential's right to challenge the constitutionality of the aforementioned provision.

■ The final issue raised in this appeal is whether Prudential has a contractual duty to defend Christina Scott. As the Illinois Supreme Court stated in its recent decision in *Zurich Insurance Co. v. Raymark Industries, Inc.* (1987), 118 Ill. 2d 23, 52:

"[T]he duty to defend is broader than the duty to indemnify only when the insurer has the potential obligation to indemnify. But when, as here, the insurer has no potential obligation to indemnify it has no duty to defend."

We deem this statement to be dispositive of the issue now raised by defendant on appeal. Since we have already determined that the family exclusion clause obviates any *potential obligation* on the part of Prudential to indemnify Christina Scott, it necessarily follows that Prudential has no duty to defend Christina Scott. *Zurich Insurance Co. v. Raymark Industries, Inc.* (1987), 118 Ill. 2d 23.

For the reasons stated herein, the order of the circuit court is hereby affirmed.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.