STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellee, v. BRIAN ONDRACEK et al., Defendants-Appellants.

First District (5th Division)   No. 87—3652

Opinion filed July 29, 1988.

James E. Ocasek, of Robert J. Cooney & Associates, of Chicago, for appellants.

Victor J. Piekarski and Michael Resis, both of Querrey & Harrow, Ltd., of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Defendants, Jerry Berger and Leona Berger (individually and as next friend of her daughter, Susan Berger), appeal from the trial court's grant of judgment on the pleadings to plaintiff, State Farm Fire and Casualty Company (State Farm).[1] The order resulted from a declaratory judgment action filed by State Farm seeking a determination concerning liability coverage under a homeowner's policy issued to the Bergers. The trial court found that State Farm had no obligation to defend or indemnify Leona in a contribution action brought by another defendant, Brian Ondracek, who is not a party to this appeal.

The facts are undisputed. Leona Berger filed a suit against Ondracek for injuries to her daughter, Susan. The injuries resulted from a collision in December 1982 between an automobile driven by Ondracek and a bicycle ridden by Leona with her daughter as a passenger. Ondracek later counterclaimed against Leona for contribution for bodily injuries sustained by Susan. The Bergers requested State Farm to defend the counterclaim pursuant to their homeowner's policy, whereupon the insurance company filed the underlying declaratory judgment action. State Farm claimed that it was not obligated to de-

---

[1] Initially this appeal was filed with the appellee named "State Farm Mutual Automobile Insurance Co." The name was amended on 3/17/88, indicating the appellee as "State Farm and Casualty Company."

fend or indemnify the insureds on the contribution claim because of a policy clause excluding personal liability coverage for bodily injury to the named insureds or relatives residing in their household (household exclusion clause). The trial court agreed and this appeal follows.

Defendants Bergers argue that a third-party claim for contribution is not a bodily injury to an insured and, further, that section 143.01 of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755.01) and public policy prohibit enforcement of the household exclusion clause. We disagree and must affirm the trial court as a matter of law.

Defendants first assert that the counterclaim for contribution is not a claim for "bodily injury" so as to be excluded by the policy. This argument, as well as defendants' other arguments, was rejected by this court in *State Farm Fire & Casualty Co. v. Holeczy* (1987), 152 Ill. App. 3d 448, 504 N.E.2d 971, in which counsel for that defendant is now defendants' counsel in the case at bar. In fact, the same (or similar) issue has been resolved in the same manner in a series of cases beginning with *State Farm Mutual Automobile Insurance Co. v. Suarez* (1982), 104 Ill. App. 3d 556, 432 N.E.2d 1204. (See, *e.g., Economy Fire & Casualty Co. v. Green* (1985), 139 Ill. App. 3d 147, 487 N.E.2d 100; *Prudential Property & Casualty Insurance Co. v. Scott* (1987), 161 Ill. App. 3d 372, 514 N.E.2d 595.) The court notes that defendants' counsel is consistent in his arguments, but also notes that the appellate court should be consistent in its application of the law. Therefore, no lengthy analysis is necessary—merely a short synopsis of the conclusions already made by this court.

■ Relying on our prior holdings, it is clear that the household exclusion clause in defendants' policy unambiguously excludes any liability of State Farm for a counterclaim seeking contribution from defendants for bodily injuries to a family member—daughter Susan. We also reiterate our determination that such a counterclaim is an intangible loss not covered by the property damage provisions of the policy. See *Sentry Insurance Co. v. S & L Home Heating Co.* (1980), 91 Ill. App. 3d 687, 414 N.E.2d 1218.

■■ Furthermore, defendants' contention that section 143.01 of the Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755.01) should be applied retroactively to prohibit enforcement of the household exclusion clause is flawed in several respects. The effective date of the legislation was July 11, 1984. Section 143.01(a) states that, "[a] provision in a policy of vehicle insurance described in Section 4 excluding coverage for bodily injury to members of the family of the insured shall not be applicable when a third party acquires a right of contribution

against a member of the injured person's family." (Ill. Rev. Stat. 1985, ch. 73, par. 755.01(a).) Section 143.01(b) prohibits enforcement of household exclusion clauses in vehicle insurance policies "when any person not in the household of the insured was driving the vehicle of the insured involved in the accident which is the subject of the claim or lawsuit." (Ill. Rev. Stat. 1985, ch. 73, par. 755.01(b).) The legislature expressly made section 143.01(b) applicable to any actions filed after the effective date. However, section 143.01(a)—the provision relevant to the present case—has no similar directive concerning retroactivity.

Additionally, it has already been determined that to retroactively apply section 143.01(a) to insurance contracts entered into before the effective date (as was the State Farm-Berger policy) would operate to impair the insurer's vested contractual right to exclude coverage for family members and would therefore be unconstitutional. (*Economy Fire & Casualty Co. v. Green* (1985), 139 Ill. App. 3d 147, 487 N.E.2d 100; see also *Boyd v. Madison Mutual Insurance Co.* (1987), 116 Ill. 2d 305, 507 N.E.2d 855 (retroactive application of statutory provision affecting insurer's vested contractual subrogation right constitutionally barred).) It is also notable that section 143.01 applies to policies of vehicle insurance while the policy in the present case is a general liability homeowner's policy. Because of our above discussion, there is no need to address the Bergers' contention that section 143.01(a) applies to the claim in this case because of the statutory classification of "vehicle insurance." See *State Farm Fire & Casualty Co. v. Holeczy* (1987), 152 Ill. App. 3d 448, 504 N.E.2d 971; *Country Mutual Insurance Co. v. Jacobus* (C.D. Ill. 1985), 601 F. Supp. 937.

■ Lastly, defendants' public policy arguments based on recent changes in contribution concepts since the introduction of comparative negligence in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886, and on subsequent legislation, are well-founded. However, we would still be faced with the same constitutional problem regarding the impairment of contracts discussed above. The legislature has responded to public policy changes and limited the application of household exclusion clauses expressly to vehicle liability policies. It is beyond the scope of this court's authority to extend such a limitation to other types of policies. Accordingly, we must affirm the trial court.

Affirmed.

SULLIVAN and PINCHAM, JJ., concur.