2001 SD 34

**EMPLOYERS MUTUAL CASUALTY COMPANY, INC., Plaintiff and Appellee,**

v.

**STATE AUTO INSURANCE, INC., Defendant and Appellant,**

and

**American Family Insurance Companies, Inc.; Harold Orr, individually and d/b/a Dale's Service; Marcia Orr; Roxann Orr; Susan Sigdestad; Rachel Herrick; Christine Benson; and Clark County, State of South Dakota, Defendants.**

No. 21381.

Supreme Court of South Dakota.

Considered on Briefs Nov. 27, 2000.

Decided March 14, 2001.

Talbot J. Wieczorek of Gunderson, Palmer, Goodsell & Nelson, Rapid City, SD, Attorneys for plaintiff and appellee Employers Mutual Casualty Company, Inc.

Robert B. Anderson of May, Adam, Gerdes & Thompson, Pierre, SD, Attorneys for defendant and appellant State Auto Insurance, Inc.

Thomas M. Tobin of Tonner, Tobin & King, Aberdeen, SD, Attorneys for defendant Rachel Herrick.

Vincent Purtell of American Family Insurance Companies, Inc., Sioux Falls, SD, Attorneys for defendant American Family Insurance Companies, Inc.

Roy A. Wise of Richardson, Groseclose, Wyly, Wise and Sauck, Aberdeen, SD, Attorneys for defendant Clark County South Dakota.

Lee Schoenbeck of Schoenbeck Law, Watertown, SD, Attorneys for defendant Harold Orr individually and d/b/a Dale's Service, Marcia Orr, and Roxann Orr.

Christine Benson, Bristol, SD, Defendant pro se.

Leon J. Vander Linden of Delaney, Vander Linden & Delaney, Webster, SD, Attorneys for defendant Susan Sigdestad.

CALDWELL, Circuit Judge

[¶ 1.] State Auto Insurance, Inc. appeals from a judgment determining that 1) Roxann Orr was a named insured under an automobile insurance policy issued to her parents Harold and Marcia Orr, and that 2) State Auto is the primary insurer. We reverse issue 1 and affirm issue 2.

FACTS AND PROCEDURE

[¶ 2.] This action arose from a one-car accident that occurred in rural Clark

County on February 14, 1998. The vehicle involved was a 1990 Plymouth Acclaim titled in the name of Dale's Service. This vehicle was part of an inventory of a used car lot owned by Dale's Service. Harold and Marcia Orr own Dale's Service.

[¶ 3.] Roxann Orr, the daughter of Harold and Marcia Orr, picked up the Plymouth Acclaim from the used car lot at Dale's Service sometime after her shift ended, around 3:00 p.m., on February 14, 1998. In the past, Roxann had often used the car for personal trips. Later that same day, Roxann met with some friends and the decision was made to travel to a dance in Clark. Because Roxann did not know the way to Clark and was uncomfortable driving on gravel roads, she let Christine Benson drive the vehicle. Before they could reach Clark, they were involved in an accident. At the time of the accident, Susan Sigdestad, Rachel Herrick, and Roxann Orr were passengers. Each of the passengers filed personal injury actions against Benson and Clark County.

[¶ 4.] Orrs insured Dale's Service with Employers Mutual Casualty Company (Employers). This policy covered the inventory on the car lot. In addition, Orrs had a personal automobile liability policy with State Auto Insurance, Inc. (State Auto). Both policies cover the car in question. American Family Insurance Co. (American Family) provided automobile liability coverage to Benson's family; Benson was insured pursuant to that policy.

[¶ 5.] Employers commenced this declaratory action alleging that it owed no duty to defend or indemnify Benson in regard to the claims arising from the February 14, 1998 accident. State Auto filed an answer to the complaint and included a counterclaim and separate cross claims alleging that it had no duty to defend or indemnify Benson. State Auto further sought to have American Family declared the primary insurer.

[¶ 6.] Orr's personal automobile liability provided by State Auto contained a family exclusion clause. State Auto maintains that this clause excluded coverage to Roxann Orr, as she was living in the same household with her parents, Harold and Marcia Orr. State Auto did not dispute the claims against Benson asserted by Sigdestad and Herrick; Benson became an insured under the policy by driving the car with the permission of the owner.

[¶ 7.] The trial court held that Roxann Orr was a named insured on the State Auto policy and is therefore covered up to $25,000. The court also found that State Auto's coverage is first, American Family's coverage is second, and Employers' last.

[¶ 8.] State Auto appeals two issues from the judgment entered by the circuit court on December 1, 1999. The issues to be decided on appeal are:

Whether the trial court erred in finding coverage for Roxann Orr as a named insured; and

Whether the trial court erred in naming State Auto as primary insurer.

## STANDARD OF REVIEW

[¶ 9.] The construction of a written contract is a question of law. Where an insurance policy is susceptible to different interpretations, the interpretation most favorable to the insured must be adopted. The trial court's construction of an insurance contract is a question of law that is reviewed de novo. The burden of showing no duty is on the insurer. *Colonial Ins. Co. of California v. Lundquist*, 539 N.W.2d 871, 873 (S.D.1995) (citations omitted).

## ANALYSIS

[¶ 10.] **Whether the trial court erred in finding coverage for Roxann Orr as a named insured.**

[¶ 11.] In 1992 household exclusions were pronounced invalid as a violation of public policy. *See De Smet Ins. Co. v. Gibson*, 1996 SD 102, ¶ 6, 552 N.W.2d 98, 99 (citing *Cimarron Ins. Co. v. Croyle*, 479 N.W.2d 881, 884 (S.D.1992)). In response

to the decision in *Cimarron*, the legislature immediately amended South Dakota's financial responsibility law to allow insurers to issue motor vehicle policies with resident family member exclusions. *Id.* (citing *Isaac v. State Farm Mut. Auto. Ins. Co.*, 522 N.W.2d 752, 756 n. 1 (S.D. 1994)). That statute, SDCL 32–35–70, now includes a statement which allows a policy to exclude or limit coverage for a relative residing in the named insured's household.

[¶ 12.] In *Cimarron*, the family exclusion stated "[w]e do not provide liability coverage for any person for bodily injury to you or any family member." *Cimarron*, 479 N.W.2d at 882. In amending the financial responsibility statute it was clear that the legislature intended to overrule the decision in *Cimarron* and allow family exclusions. *See De Smet Ins. Co.*, 1996 SD 102 at ¶ 7, 552 N.W.2d at 100. To the extent that the exclusion here is similar in wording to the exclusion in *Cimarron*, it is valid.

[¶ 13.] We look to the wording of the policy to determine coverage. State Auto claims that the trial court erred in finding coverage for Roxann Orr by classifying her as a named insured. The policy contains a family exclusion that states:

> We do not provide Liability Coverage for any person: For 'bodily injury' to you or any 'family member.' However, this exclusion does not apply for 'bodily injury' to you to the extent that this coverage provides the limits of liability required by the Financial Responsibility Law of the State of South Dakota.

The definition section goes on to define the term you.

[¶ 14.] Throughout this policy, 'you' and 'your' refer to:

> The 'named insured' shown in the Declarations, and The spouse if a resident of the same household.

[¶ 15.] The policy does not define "named insured" so the trial court turned to SDCL 58–23–6(5) for guidance. Under this section, "named insured" is defined as "the individual or individuals designated by name as specifically insured in the policy declaration." This section was intended to be used with regard to SDCL 58–23–6 to 58–23–8 inclusive. SDCL 58–23–6(5). Statutory authorization for the family exclusion does not fall within those sections and as such it is not binding but merely a guide to the terms used in the policy.

[¶ 16.] The insurance policy in this case contains similar language to SDCL 58–23–6(5), stating that the named insured is the person shown in the declarations. The declaration page contains a box labeled "Named Insured and Address." Within that box the names of Harold and Marcia Orr are specifically listed. The trial court found, however, that because Roxann Orr was listed below as a driver, she was also a named insured. This finding is at odds with the named insureds specifically identified, Harold and Marcia Orr. If indeed Roxann was to be a named insured she could easily have been listed in the named insured box, however, she was not. Moreover, the Orr's other children; Paul and Rachel were also listed as drivers. If in fact they too were named insureds, the family exclusion set out in this policy would have little or no effect.

[¶ 17.] While not addressing the issue of listed drivers, various jurisdictions have dealt with similar factual situations. In *Prudential Property & Casualty Co. v. Piotrowski*, 149 Ill.App.3d 833, 103 Ill.Dec. 229, 501 N.E.2d 250 (1986), a permissive driver was involved in an accident in which a member of the vehicle owner's family was a passenger. The family exclusion in the policy stated "[w]e won't pay, under this part, for any injuries suffered by you or any relatives living in your household. Nor will we defend you in any suits arising from such injuries." *Id.*, 103 Ill.Dec. 229, 501 N.E.2d at 251, 253. The definition section defined the word "you" as "the person shown as the named insured on the Declarations Page [or Continuation Certificate] of this policy, and your spouse, if he

or she lives in your household." *Id.,* 103 Ill.Dec. 229, 501 N.E.2d at 253. The court found that the definition was clear and unambiguous. *Id.* Such clauses exclude coverage where a permissive driver injures a member of the car owner's household in an accident. *Id.; Prudential Property and Casualty v. Scott,* 161 Ill.App.3d 372, 112 Ill.Dec. 932, 514 N.E.2d 595 (1987) (holding the term "you" does not apply to the named insured's permissive drivers); *State Farm Mut. Auto. Ins. Co. v. Fitzpatrick,* 817 S.W.2d 918 (Mo.Ct.App.1991) (25–year–old daughter not covered due to family exclusion).

[¶ 18.] Based on the language of the State Auto policy, Roxann Orr was excluded from coverage and we reverse the trial court on this issue.

[¶ 19.] **Whether the trial court erred in naming State Auto as primary insurer.**

[¶ 20.] State Auto and Employers both agree that Employers' coverage should be last in line.[1] The trial court states in conclusion 8:

> State Auto and American Family both provide insurance coverage for persons using the vehicle, which coverages shall be primary. As between the two, State Auto insures the vehicle and American Family insures the driver, so State Auto's coverage is first and American Family's coverage is second, both of which are followed by the coverage of EMC.

Both the contract and SDCL 58–32–4 place Employers last in line.

[¶ 21.] The order of the first two is disputed. State Auto argues that it should be secondary to American Family. It bases this argument on the language of SDCL 58–23–4. This statute provides in pertinent part:

> When an automobile insurance policy is in force for anyone engaged in the business of selling, repairing, servicing, storing, or parking motor vehicles and the

person or organization allows the use of a vehicle with or without consideration to any other person or organization and the vehicle is involved in an accident out of which bodily injury or property damage to third persons or damage to the insured vehicle arises, the following automobile insurance policies shall be applicable:

> \* \* \*

> (2) In the event that another automobile insurance policy is in force for the person or organization using the vehicle, any coverage provided by the motor vehicle owner's automobile insurance policy shall be excess coverage only but limited by the terms of the owner's applicable automobile insurance policy. The coverages in the policy afforded the person or organization using the vehicle shall be primary.

[¶ 22.] Both parties agree that Dale's Service qualifies as a business involved in selling, repairing, servicing, storing, or parking motor vehicles. Benson is covered by American Family on her own policy and is also covered under State Auto as a permissive user. Therefore, both of these policies are primary to Employers' coverage of Dale's Service. As such, our task is to determine the priority between State Auto and American Family.

[¶ 23.] State Auto argues that since Benson was using the vehicle at the time of the accident, her insurer, American Family, should be primary under the above statute. This statute is inapplicable and does not determine which insurer is primary when the individual driving the vehicle is covered under two separate policies outside the coverage provided to the garage owner. The statute simply provides "[t]he coverages in the policy afforded the person or organization using the vehicle shall be primary." SDCL 58–23–4. Here, we have two separate companies covering the user of the vehicle. Accord-

---

1. American Family did not file a brief in regard to this appeal.

ingly, we must turn to the terms of the policies and other relative authority to determine priority.

[¶ 24.] Under South Dakota's financial responsibility law, insurance companies are required to provide coverage for permissive drivers. SDCL 32–35–68. State Auto admits that Benson was a permissive driver for the purpose of this statute. As such, she must be provided coverage under the policy issued by State Auto. The State Auto policy was purchased by the Orrs to cover the car involved in the accident. State Auto argues, however, that their coverage should be secondary to Benson's insurance company, American Family, since she was driving the car at the time of the accident.

[¶ 25.] Both the policies of American Family and State Auto include other insurance provisions. The provisions state that each insurer will pay only their share of the loss if there is other applicable insurance. The share is the proportion that their policy bears to the total of all applicable limits. The next part of each policy provides that "*any insurance provided under this part for a vehicle you do not own is excess over any other collectible auto liability insurance.*" By its terms, the vehicle owners are primary if the owner is the driver. In the event a nonowner driver is involved in the collision, as here, the policy declares his coverage secondary. The policy language determines this issue. Benson was driving a vehicle *she did not own,* which by the terms of her policy, makes coverage provided by American Family secondary. The State Auto policy was covering a vehicle owned by the Orrs and involved in the accident, therefore it is primary.

[¶ 26.] The same interpretation of like insurance clauses is seen in *Elrod v. General Casualty Co. of Wisconsin,* 1997 SD 90, 566 N.W.2d 482. In *Elrod,* we reaffirmed two general principles, stating: "[t]here is no pro-rata coverage on non-owned vehicles otherwise insured." *Id.* at ¶ 9, 566 N.W.2d at 484 (citation omitted).

And furthermore, "[u]ltimately, we reinforce[ ] the general rule 'that primary liability is placed with the insurer of the owner of the vehicle involved in an accident.'" *Id.*

[¶ 27.] In *Nat'l Farmers Union Property and Casualty Co. v. Bang,* 516 N.W.2d 313 (S.D.1994), we recognized significant authority on this point.

> In *Union Ins. Co. v. Farmland Ins. Co.,* 389 N.W.2d 820 (S.D.1986) this court reiterated 'the general rule is that primary liability is placed with the insurer of the owner of the vehicle involved in an accident rather than on the insurer of the operator.' *Id.* at 822 (citing 7A Am-Jur2d *Automobile Insurance* § 434 (1980); 16 Couch on Insurance § 62:60 (rev ed 1983); *USF & G v. Safeco Ins. Co. of Am.,* 522 S.W.2d 809 (Mo.1975)); *Georgia Mut. Ins. Co. v. Southern General Ins. Co.,* 181 Ga.App. 238, 351 S.E.2d 658 (1986) (expressing where policies covered both owner and permissive user, owner's policy was primary); *Home Ins. Co. v. Glens Falls Ins. Co.,* 675 S.W.2d 486 (Tenn.App.1984) (stating to determine primary carrier, look to the owner of the vehicle permittee was operating); *Millers Cas. Ins. Co. v. Briggs,* 100 Wash.2d 9, 665 P.2d 887 (1983).

*Id.* at 319. The trial court was correct in its determination that State Auto was primary over American Family.

[¶ 28.] South Dakota state law mandates coverage for permissive drivers but allows an exclusion from coverage for family members. Roxann was excluded pursuant to the family exclusion as stated in the State Auto policy issued to her parents. Benson is an insured under the State Auto policy pursuant to our financial responsibility laws because she was driving with the permission of the owner. As such, although Roxann's claim against State Auto is barred, her claims against American Family, as insurer of Benson, are not barred. State Auto, as insurer of the owner of the vehicle involved in the

crash, has primary responsibility for the claims of the others involved, followed by American Family and then Employers.[2]

## CONCLUSION

[¶ 29.]  We reverse the part of the trial court's judgment holding that Roxann Orr is named insured under the State Auto policy.  With regard to the order of coverage, we affirm with regard to Sigdestad and Herrick.  However, due to our decision on issue one, Roxann is not covered under the State Auto policy.

[¶ 30]  MILLER, Chief Justice, SABERS, AMUNDSON, and GILBERTSON, Justices, concur.

[¶ 31.]  CALDWELL, Circuit Judge, for KONENKAMP, Justice, disqualified.

2. State Auto agrees that it should provide coverage for Herrick and Sigdestad because Benson was an insured under the State Auto policy.  State Auto only disputes the order in which it was to provide coverage.